1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   Grand  Canyon  West  Ranch,  LLC,  an)      No. CV 03-2496-PHX-EHC
    Arizona limited liability company,        )
10                                            )      **ORDER**
                    Plaintiff,                )
11                                            )
    vs.                                       )
12                                            )
                                              )
13  Gale Norton, in her official capacity as the)
    Secretary of the United States Department)
14  of the Interior; Kathleen Clarke, in her )
    official  capacity  as  the  Director  of  the)
15  Bureau  of  Land  Management;  County  of)
    Mohave,                                   )
16                                            )
                    Defendants.               )
17                                            )
    _____)

18

19

20          Pending before the Court is the Federal[1] Defendants' Motion to Dismiss on the basis

21  of sovereign immunity. [Dkt. 58]. The Motion is fully briefed.

22          Plaintiff owns real property in Mohave County that is used for cattle ranching and

23  hosting tourists. Based on Deeds of Dedication, Mohave County has established Diamond

24

25  _____

26          [1]  The Federal Defendants are Kathleen Clarke and Gale Norton, who is no longer
27  Secretary of the Interior. Because Gale Norton is sued in her official capacity, P. Lynn
    Scarlett, acting Secretary of the Interior, will be substituted for Gale Norton. See Fed. R.
28  Civ. P. 25(d)(1) (providing automatic substitution of public officer sued in official capacity).

1   Bar Road on Plaintiff's property.[2]  The Bureau of Land Management has a roadway
2   easement across Plaintiff's property. Mohave County and the Bureau of Land Management
3   have allegedly planned to expand the use of Diamond Bar Road as a route servicing Grand
4   Canyon tours and casino gambling hosted by the Hualapai Nation.

5        Absent a waiver, the United States is immune from suit. Alaska v. Babbitt, 38 F.3d
6   1068, 1072 (9th Cir. 1994). The United States waived sovereign immunity for certain
7   disputes involving real property in the Quiet Title Act. 28 U.S.C. § 2409a. To find a waiver
8   under the Quiet Title Act there must be "a disputed title to real property in which the
9   United States claims an interest." § 2409a(a). The parties agree that Plaintiff has alleged the
10  United States claims an interest in the property at issue. [Dkts. 59, p. 4; 74, p. 2].

11       The issue is whether the United States disputes title to Plaintiff's property. A
12  dispute concerning the scope of an easement can constitute a title dispute under §
13  2409a(a). Kootenai Canyon Ranch, Inc. v. United States Forest Serv., 338 F. Supp. 2d 1129,
14  1133 (D. Mont. 2004) (sovereign immunity waived where "the government has an easement
15  in land for which the Plaintiff owns the servient estate, and the parties dispute the scope
16  of that easement").

17       Plaintiff alleges that the Bureau of Land Management's easement for "the use of
18  Diamond Bar Road was limited to providing a means of access to BLM lands located in the
19  area surrounding" Plaintiff's property. [Dkt. 5, p. 4]. The Burea of Land Management
20  allegedly "claims it has the right to allow commercial traffic on Diamond Bar Road pursuant
21  to the BLM easement." [Dkt. 5, p. 5]. Plaintiff alleges that the United States Department of
22  the Interior prepared an environmental impact statement analyzing "realingment of
23  Diamond Bar Road in certain places and widening the current dirt road and adding a hard
24  surface pavement converting it into a fully paved highway." [Dkt. 5, p. 6]. Plaintiff further

25
26
    _____
27       [2] Mohave County's right to Diamond Bar Road under the Deeds of Dedication has
    been resolved. The Court granted Mohave County's Motion for Summary Judgment on
28  Plaintiff's claim that the Deeds of Dedication had not been accepted. [Dkt. 54].

alleges that "there are also issues of failure of consideration, intent, and consummation and procedural irregularities of the BLM easement which may render it unenforceable." [Dkt. 5, p. 7]. Plaintiff has alleged a dispute concerning the scope of the easement and whether it is enforceable. That is a dispute to title allowing the application of the Quiet Title Act's waiver of the United States' sovereign immunity.

Accordingly,

**IT IS ORDERED** that the Federal Defendants' Motion to Dismiss [dkt. 58] is **DENIED**.

**IT IS FURTHER ORDERED** that the Federal Defendants' Request for Oral Argument on Pending Motion to Dismiss [dkt. 85] is **DENIED**.

**IT IS FURTHER ORDERED** that P. Lynn Scarlett, in her official capacity as the Acting Secretary of the United States Department of the Interior, is substituted for Gale Norton.

DATED this 26th day of April, 2006.

_____
Earl H. Carroll
United States District Judge