**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 700
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016

Peter W. Sorensen, SBN 007506; sorensenp@gtlaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| GRAND CANYON WEST RANCH, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>GALE NORTON, in her official capacity as the Secretary of the United States Department of the Interior; KATHLEEN CLARKE, in her official capacity as the Director of the Bureau of Land Management; and MOHAVE COUNTY, an Arizona political subdivision,<br><br>Defendants. | Case No. cv-03-2496-pct-ech<br><br>**EMERGENCY MOTION TO RE-OPEN CASE** |

Plaintiff Grand Canyon West Ranch, LLC, ("Ranch"), through its attorney, Peter W. Sorensen of Greenberg Traurig, LLP, hereby requests that the Court issue an Order authorizing the Clerk of Court to reopen this proceeding for the purpose of enforcing the settlement agreement executed by parties on June 27, 2007.  This Application is based on the following Memorandum of Points and Authorities and the papers and records on file herein.

Respectfully submitted this 14th day of May, 2013.

**GREENBERG TRAURIG,LLP**

By */s/ Peter W. Sorensen*
Peter W. Sorensen
*Attorneys for Plaintiff*

PHX 330754609v1

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff in the above-captioned matter, Grand Canyon West Ranch, LLC, (the "Ranch"),[1] commenced the underlying action in an effort to prevent the Defendants from building a roadway across its land. After pursuing such litigation for several years, the parties reached a settlement agreement. The terms of that agreement are set forth in the "Settlement Agreement and Inter-Agency Memorandum of Understanding," (the "Agreement"), a copy of which is attached as Exhibit "A" to the Declaration of Nigel Turner, dated May 13, 2013, which is attached hereto as Exhibit "1" (the "Turner Declaration").

Under the terms of the Agreement, the parties stipulated:

> **12. Applicable Law.** This agreement shall be governed by the laws of the State of Arizona, without reference to choice of law principles (except as to the United States of America, where Federal law controls). Any action relating to this Agreement in any way shall be brought and maintained in the state or federal courts in the State of Arizona, and all parties consent to jurisdiction and venue in said courts. The parties agree that <u>any dispute as to performance of this agreement may be resolved by proceeding by motion in the United States District Court for the District of Arizona, under the caption and case number of the Action.</u>[2]

Agreement, ¶ 12.

The Agreement makes the following pertinent provisions:

- The United States agreed that it would pay to the Ranch $375,000. Agreement, ¶ 2.
- Upon receipt of payment, the Action as well as the Administrative Appeal filed by the Ranch shall be dismissed. Agreement, ¶ 3.
- As soon as an appropriate legal description could be obtained, the Ranch agreed to convey to the United States an easement across a strip of the Ranch Property as generally described in Exhibit "A" to the Agreement. Agreement, ¶4.
- On February 1, 2003, a "Grant of Right-of-Way" (the "ROW") was executed conveying to the Bureau of Indian Affairs, Department of the Interior, the easement described in ¶ 4

---

[1] Since the underlying action was filed, Plaintiff has changed its name. It is now known as Grand Canyon Ranch, LLC.
[2] The Agreement defines the "Action" as Cause No. CV 03-2496-PCT-EHC.

2

PHX 330754609v1

of the Agreement. A true and correct copy of the ROW is attached as Exhibit "B" to the Turner Declaration.

- The Agreement also provided that the United States will "agree to the stipulations and agreements relating to the design and construction of the Project across the Property, attached as Exhibit B" to the Agreement. Agreement, ¶8 and Agreement, Exhibit "B."
- The "stipulations and agreements" contained in Exhibit "B" to the Agreement include the following, without limitation:
  - The new road is to be constructed to the general design specifications described in the Final Environmental Impact Statement (the "FEIS") for the Diamond Bar Road Improvement Project (the "Project"). Agreement, Exhibit "B" at ¶ 1.
  - At least one cattle/horse-and-rider underpass under the road as it crosses the Ranch Property and at least two cattle/horse-and-rider underpasses along the new roadway as it crosses BLM-owned land. Agreement, Exhibit "B" at ¶ 3.
  - Two entrances to the Ranch headquarters, with cattle guards, at reasonable and convenient locations. Agreement, Exhibit "B" at ¶ 4.
  - A line of trees along the south side of the new roadway near the Ranch headquarters sufficient to shield the Ranch headquarters from the new roadway. Agreement, Exhibit "B" at ¶ 5.
  - Left and right hand turn and merge lanes at the spot where the road to the west entrance to the Ranch branches off the new road, with signs for the Ranch. Agreement, Exhibit "B" at ¶ 6.

(Collectively, the listed stipulations and agreements are referred to hereafter as the "Amenities.")

Shortly after the easement was recorded and the Agreement finalized, the parties contracted for and began construction of the new road (the "Initial Construction"). Plans for such construction were prepared and submitted to the Ranch for approval. Turner Declaration, ¶ 4. However, after completing approximately four miles of the road, all construction stopped.

3

This left the new road completed to within about a mile of the Ranch Property. Turner Declaration, ¶ 5. No further construction has occurred until very recently.

During this Initial Construction process, Turner observed that the construction company destroyed many Joshua Trees which the FEIS provided should have been transplanted. Turner Declaration, ¶ 6. If, as anticipated, the same construction practices are used in construction of the new roadway as it crosses the Ranch Property, this would be a breach of ¶ 1 of Exhibit "B" to the Agreement.

Upon information and belief, the Bureau of Indian Affairs (the "BIA") provided a Notice to Proceed to Fann Contracting, Inc., to commence construction according to a new contract and according to new plans. The Ranch was not aware that a new set of plans had been prepared and, unlike the procedure used for the original plans, the Ranch did not review the new plans and was not even requested to approve them. Turner Declaration, ¶¶ 13 to 19. A copy of the new plans is attached as Exhibit "C" to the Turner Declaration (the "New Plans").

Review of the New Plans readily reveals that none of the Amenities described in paragraphs three through six of Exhibit "B" to the Agreement is contemplated in the New Plans and the Ranch has been informed that neither the United States nor Mohave County plan to provide these Amenities. Turner Declaration, ¶ 19.

Finally, although the Ranch has sought to meet and confer with the Parties before construction began on the Project as it crosses the Ranch Property, construction has, in fact, already begun in accordance with the New Plans. Declaration of Kathy Hicks, dated May 13, 2013, attached hereto as Exhibit "2" (the "Hicks Declaration"), ¶¶ 3 to 5.

Based on the foregoing, it is clear that both Mohave County and the United States have failed and are failing to perform the terms and conditions of the Agreement. Therefore, pursuant to paragraph 12 of the Agreement, the Ranch respectfully moves the Court to re-open the above-captioned matter for the purposes of enforcing the Agreement between the Ranch on one hand and the United States and Mohave County on the other hand. If the Court does re-open the case, the Court will be requested to enter a temporary restraining order to prevent the defendants from continuing construction activities on the Project as it crosses the Ranch

Property until such time as the Court can consider the Ranch's motion to enforce settlement agreement.[3]

RESPECTFULLY SUBMITTED this 14th day of May, 2013.

**GREENBERG TRAURIG, LLP**

By /s/ Peter W. Sorensen
   Peter W. Sorensen
   *Attorneys for Plaintiff*

---

[3] The Ranch will file both a Motion for Temporary Restraining Order and a Motion to Enforce Settlement Agreement contemporaneously with this Motion to Re-Open Case.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

PHX 330754609v1

# CERTIFICATE OF SERVICE

☒ I hereby certify that on May 14, 2013, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing and distribution to the following registered participants of the CM/ECF System:

Richard Glenn Patrick
U.S. Attorney's Office
2 Renaissance Squares
40 N. Central Ave., Suite 1200
Phoenix, AZ  85004-4408
Richard.patrick@usdoj.gov
*Attorneys for Defendants P. Lynn Scarlett, Dirk Kempt Horne, Gale Norton and Kathleen Clark*

Deborah Louise Herbert
Jeffrey David Dollis
John F. Flynn
John Kurt White
Richard Glenn Patrick
Robert Alexander Taylor
Mohave County Attorney's Office
P.O. Box 7000
Kingman, AZ  86402-7000
Deborah.herbert@co.mohave.az.us
*Attorneys for Defendant Mohave County*

Jeffrey David Gross
Philip Vose Summer
Gallagher & Kennedy, PA
2575 E. Camelback Road, Suite 1100
Phoenix. AZ  85016-9225
jdg@gknet.com
pvs@gknet.com
*Attorneys for Amicus Curia Hualapai Nation*

☒ I hereby certify that on May 14, 2013, I will serve the attached document by U.S. first class mail and email on the following, who are not registered participants of the CM/ECF System:

By: /s/  Carolyn Smith
Employee, Greenberg Traurig, LLP

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA  85016
(602) 445-8000

6

PHX 330754609v1