IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Grand Canyon West Ranch LLC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Dirk Kempthorne, Secretary of the United States Department of the Interior, et al.,<br><br>　　　　　　Defendants. | No. CV-2003-02496-PHX-NVW<br><br>**ORDER** |

　　　　Before the Court is Plaintiff's Application for Preliminary Injunction, etc. (Doc. 177), later Clarification (Doc. 186), the Motion for Expedited Discovery (Doc. 189), the Response, and the Reply.  Plaintiff has also filed a Notice of New Evidence in Support of Plaintiff's Application for Injunction (Doc. 193), which alleges that officers of the Hualapai Tribe arrested Mr. Turner off-reservation and despite that fact that he is non-Indian and beyond the criminal jurisdiction of the Tribe even on-reservation.  The Court is also advised that the parties have scheduled a mediation with the assistance of a third-party neutral on September 11, 2013.  (Doc. 190.)

　　　　The Court does not judge the merits of the assertions in Plaintiff's Application for Preliminary Injunction, but the allegations are of planned disregard of the Government's property obligations under the right-of-way (which the Government has previously denied) through actions of the Government's delegatees whom the Government declines to control.  The recent allegation of breach of the peace by tribal officers without

jurisdiction further requires prompt consideration of Plaintiff's Application for Preliminary Injunction. The Application will be set for hearing on September 25, 2013, at 9:00 a.m.

Discovery for a time-urgent preliminary injunction hearing is necessarily limited to what is both important and reasonably possible in light of the schedule. Parties seeking emergency injunctive relief must often proceed with little discovery and the information they themselves have. Plaintiff's request for discovery will be denied as presented, as it seeks a quantum of discovery without substantive explanation of what will be sought or why it can reasonably be produced. Moreover, it is apparent that some of what is or may be sought has already been produced to prior counsel for Plaintiff.

However, if the September 11, 2013 mediation is not successful, then counsel will be directed to confer in person (not by telephone) after September 11 and by September 13, 2013, to address the following:

1. What specific discovery is essential to the preliminary injunction hearing and reasonably can be produced in time to prepare for the September 25, 2013 hearing.

2. Whether the discovery or fair equivalents have already been produced.

3. What further discovery is agreed to be produced and by what time.

Counsel shall file by noon on September 17, 2013, a summary statement of any outstanding disputes concerning discovery and the position of each party. Since the time for further discovery is so short, as to any disputes the Court may be disposed to endorse the position that is the most reasonable as to any point of contention. In deciding whether to grant any further relief, the Court will consider the limited time available.

In order to facilitate possible resolution of this dispute at the September 11, 2013 mediation, the parties are not required to attend to discovery before then.

IT IS THEREFORE ORDERED that the Emergency Motion for Expedited Discovery (Doc. 189) is denied as presented, but counsel are directed to confer in person (not by telephone) after September 11 and by September 13, 2013, to address the following:

1. What specific discovery is essential to the preliminary injunction hearing and reasonably can be produced in time to prepare for the September 25, 2013 hearing.

2. Whether the discovery or fair equivalents have already been produced.

3. What further discovery is agreed to be produced and by what time.

Counsel shall file by noon on September 17, 2013, a summary statement of any outstanding disputes concerning discovery and the position of each party.

IT IS FURTHER ORDERED that Plaintiff's Application for Preliminary Injunction, etc. (Doc. 177) and Clarification (Doc. 186) are set for evidentiary hearing on September 25, 2013, at 9:00 a.m.

IT IS FURTHER ORDERED that Plaintiff disclose exhibits and intended witnesses and file proposed findings of fact and conclusions by noon on September 23, 2013.

IT IS FURTHER ORDERED that Defendants disclose exhibits and intended witnesses and file proposed findings of fact and conclusions by noon on September 24, 2013.

Dated this 6th day of September, 2013.

_____
Neil V. Wake
United States District Judge