JOHN S. LEONARDO
United States Attorney
District of Arizona

PETER M. LANTKA
Assistant U.S. Attorney
Indiana State Bar No. 24636-71
Illinois State Bar No. 6277854
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Facsimile: (602) 514-7760
E-Mail: peter.lantka@usdoj.gov
*Attorneys for the Defendant*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Grand Canyon West Ranch LLC,<br><br>Plaintiff,<br><br>v.<br><br>Sally Jewell, Secretary, United States Department of Interior, *et al.*,<br><br>Defendant. | CIV-03-02496-PCT-NVW<br><br>[*PROPOSED*] FINDINGS OF FACT AND CONCLUSIONS OF LAW |

Pursuant to this Court's September 6, 2013 Order, the United States submits the following Proposed Findings of Fact and Conclusions of Law. A copy of the following in MS Word format will be submitted to chambers concurrent with this filing.

**PROPOSED ORDER**

Before the Court is Plaintiff's Second Application for Preliminary Injunction, (Doc. 177), later Clarification (Doc. 186), the United States' Response (Doc. 198), Plaintiff's Reply (Doc. 213), and amicus briefs filed by the Hualapai Nation (Doc. 207) and Fann Contracting (Doc. 210). The Court has considered all arguments and exhibits therein. As set forth below, Plaintiff's Motion will be DENIED; and, pursuant to the United States'

stipulation, the Court will order conveyance of a Temporary Easement to the Bureau of Indian Affairs under the provisions below.

As set forth in the Court's July 3, 2013 Order, this action arises from an alleged breach by Defendants of a settlement agreement that they reached with Plaintiff in 2007 regarding the construction of a roadway across Plaintiff's property. Plaintiff's present motion seeks a Court order "to stop all public vehicular traffic through the Right-of-Way granted to the United States ("U.S.") until the U.S. completes construction of the road stated in the parties' settlement agreement" (Doc. No. 177 at 1). Plaintiff further avers that, should the Court enter such an Order, it "will not seek tolls or any other compensation from the public for using the so-called old Diamond Bar Road through its property (the "Old Road") provided that a governmental agency will take responsibility for the public's use of what would otherwise be a private road on Grand Canyon Ranch's property." (Doc. No. 186).

## I    FINDINGS OF FACT

In its July 3, 2013 Order, the Court made the following Findings of Fact, which are again appropriate here.

A.    Plaintiff and Defendants came to a settlement agreement in 2007 providing Defendants with an easement across Plaintiff's property. The agreement set out conditions for the construction of the portion of a roadway, the New Road that was to be on Plaintiff's property. (Doc. 116-2.)

B.    Plaintiff erected a toll booth on its property and began charging tourists an "admission fee" for passage, which included full access to Plaintiff's amenities. (Doc. 139 at 2.)

C.    After Plaintiff began collecting tolls for crossing his property on the under-construction roadway, Defendants began building a temporary bypass road ("Bypass Road") that fell within the meets and bounds of the easement granted to them in the settlement agreement.

In addition to the foregoing, the Court continues its Findings of Fact, based on evidence within the Parties' pleadings referenced above and taken at the September 25, 2013 evidentiary hearing:

D. Defendants have maintained and instituted a Traffic Control Plan over the "Bypass Road" since its inception. (Doc. 198, Ex. 3,4).

E. The "Bypass Road" continues to be within the meets and bounds of the easement granted to Defendant in the settlement agreement. (Doc. 164).

F. Since inception of the "Bypass Road," there has been no flooding in the new alignment of Diamond Bar Road in the areas in which Fann has been able to perform its earth moving and install drainage features in accordance with the project plans. (Doc. 198).

G. Since inception of the "Bypass Road," there have been no vehicle accidents on the new alignment of Diamond Bar Road that are attributable to the public use of the "Bypass Road." *Id*.

H. Pursuant to Paragraph 6 of the Parties' 2007 Settlement Agreement, Defendants have relinquished control over the 2007 existing alignment over [Old] Diamond Bar Road. (Doc. 116-2).

## II  CONCLUSIONS OF LAW

A. To obtain a preliminary injunction, Plaintiff must establish: (1) that it is likely to succeed on the merits; (2) that in the absence of preliminary relief, it is likely to suffer irreparable harm; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

B. Defendant can be held liable under the Federal Tort Claims Act for accidents occurring on the Right-of-Way over Plaintiff's Property. *See Ben v. United States*, CV 04-1850-PCT-PGR, 2007 WL 1461626 (D. Ariz. May 16, 2007).

C. Plaintiff has failed to establish either the probability of success or likelihood of irreparable harm in the absence of a preliminary injunction. No evidence has been introduced showing guaranteed, future damage to Plaintiff's business from the public's

use of the "Bypass Road," nor does any evidence exist indicating that potential lawsuits accruing on the Right of Way will inure to Plaintiff's detriment.  Moreover, Plaintiff has introduced no legal authority that would permit Defendant to reestablish control over portions of Old Diamond Bar Road absent a conveyance of title.

**III    STIPULATED ORDER**

Despite the foregoing, the United States proposed the following stipulations in its Response, (Doc. No. 198 at § VI), which the Court now adopts and Orders. In doing so, the Court makes no conclusion at this time concerning its ability to order specific performance against the Government.

A.    Within fourteen days of this Order, Plaintiff is ORDERED to grant the Bureau of Indian Affairs ("BIA") a full and unencumbered "Temporary Easement" covering the portion of Old Diamond Bar Road traversing Grand Canyon Ranch that was abandoned pursuant to Paragraph 6 of the Parties' Settlement Agreement until the "first lift" of paving is completed on the portion of the Right-of-Way across Plaintiff's property.

B.    The Temporary Easement must permit the BIA to "regulate, warn, and inform the traveling public."

C.    Following recordation of the Temporary Easement in the Mohave County Recorder's Office, the BIA is ORDERED to assume liability for accidents on the Temporary Easement for which it is responsible as proscribed under the provisions of the Federal Tort Claims Act. The BIA will not indemnify any negligence of the Plaintiff.

D.    Following recordation of the Temporary Easement in the Mohave County Recorder's Office, the BIA is ORDERED to maintain and provide for policing of the Temporary Easement for the duration outlined in Paragraph III.A.

E.    Plaintiff is prohibited from charging a toll, license, or any fee related to the Temporary Easement whatsoever to any person, company, government or tribal entity, public traveler, tour group, or anyone else for the duration of the Temporary Easement outlined in Paragraph III.A.

1    F.  Plaintiff is prohibited from interfering, rescheduling, restricting, or blocking
2 traffic through the area covered by the Temporary Easement in any way for the duration of
3 the Temporary Easement outlined in Paragraph III.A.

**IT IS SO ORDERED**

Respectfully submitted this 24th day of September, 2013.

                                 JOHN S. LEONARDO
                                 United States Attorney
                                 District of Arizona

                                 *s/Peter M. Lantka*
                                 PETER M. LANTKA
                                 Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Keith L. Hendricks
Moyes Sellers & Hendricks
1850 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
khendricks@law-msh.com
*Attorneys for the Plaintiff*

Robert Alexander Taylor
Mohave County Attorney's Office
P.O. Box 7000
Kingman, AZ 86402-7000
*Attorneys for Defendant Mohave County*

*s/Mary C. Bangart*
U.S. Attorney's Office