MOYES SELLERS & HENDRICKS
Keith L. Hendricks (No. 012750)
Louis D. Lopez (No. 021191)
Matthew A. Lensch (No. 024725)
1850 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
Telephone: (602) 604-2141
khendricks@law-msh.com
llopez@law-msh.com
mlensch@law-msh.com
Attorneys for Plaintiff
Grand Canyon Ranch, LLC,
f.k.a. Grand Canyon West Ranch, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Grand Canyon Ranch, LLC, an Arizona limited liability company, f.k.a. Grand Canyon West Ranch, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Sally Jewell, in her official capacity as Secretary of the United States Department of the Interior; *et al.*,<br><br>Defendants. | Case No. 3:03-cv-02496-NVW<br><br>**PLAINTIFF'S BENCH MEMORANDUM ON DISCHARGE OF WATER UNDER ARIZONA LAW** |

Plaintiff Grand Canyon Ranch, LLC, formerly known as Grand Canyon West Ranch, LLC ("Grand Canyon Ranch"), provides the following bench memorandum on the status of Arizona law related to the artificial concentration and discharge of water. The Court may recall that this issue arose during Mr. Scott Schmidgall's testimony on September 25, 2013. Mr. Schmidgall testified that the construction of the road effectively creates a dam that obstructs the natural drainage of the land. The Bureau of Indian Affairs has installed drainage culverts (i.e., pipes) underneath the road that collect surface waters

00075005

from the Bureau of Land Management's upstream property and discharge the water in two locations on Grand Canyon Ranch's property.  One of the current drainage discharge locations is in the immediate path of Grand Canyon Ranch's buildings, generator, and fuel storage.  Black letter Arizona law does not countenance such conduct:

> One may not divert waters flowing in a natural channel upon the lands of his neighbor who is under no duty to receive them, and a landowner has no right to collect surface waters in artificial channels and discharge it in large quantities onto the land of an adjoining owner to his damage.

*Kirkpatrick v. Butler*, 14 Ariz. App. 377, 380, 483 P.2d 790, 793 (App. 1971) (internal citations omitted); *see also City of Tucson v. Dunseath*, 15 Ariz. 355, 364, 139 P. 177, 181 (1914) (finding city "guilty of an actionable wrong" where it caused water to discharge onto another's property "in a greater volume and with added force."); *Campbell Estates, Inc. v. Bates*, 21 Ariz. App. 162, 169, 517 P.2d 515, 522 (App. 1973) (upholding award of punitive damages where "Defendants constructed . . . [a] drainage ditch dumping all drainage directly onto plaintiff's property.  They did not consult or make arrangements with plaintiffs before doing this.  They dug the ditch first and asked questions later.").

DATED this 25th day of September, 2013

**MOYES SELLERS & HENDRICKS**

/s/ *Keith L. Hendricks*
Keith L. Hendricks
Louis D. Lopez
Matthew A. Lensch
Attorneys for Plaintiffs
Grand Canyon Ranch, LLC,
f.k.a. Grand Canyon West Ranch, LLC

**CERTIFICATE OF SERVICE**

☒    I hereby certify that, on September 25, 2013, I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

  /s/ *Donna Navarro*