JOHN S. LEONARDO
United States Attorney
District of Arizona
PETER M. LANTKA
Assistant U.S. Attorney
Indiana State Bar No. 24636-71
Illinois State Bar No. 6277854
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Facsimile: (602) 514-7760
E-Mail: peter.lantka@usdoj.gov
*Attorneys for the Defendant*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Grand Canyon West Ranch LLC,<br><br>Plaintiff,<br><br>v.<br><br>Sally Jewell, Secretary, United States Department of Interior, *et al.*,<br><br>Defendants. | **CIV-03-02496-PCT-NVW**<br><br>**RESPONSE TO PLAINTIFF'S REQUEST FOR ENTRY OF EMERGENCY ORDER REGARDING TEMPORARY EASEMENT** |

Comes now the Defendant, Sally Jewell, Secretary, United States Department of Interior (hereinafter the "Defendant," "BIA," or "United States") and for its Response to Plaintiff's Request for Entry of an Emergency Order Regarding Temporary Easement, [Doc. No. 250], states as follows:

1. The United States delivered a Temporary Right of Way covering use of Old Diamond Bar Road to Plaintiff on October 4, 2013, the day following Plaintiff's filing. As illustrated below, Plaintiff was aware of difficulties in the BIA's delineating the scope of the Temporary Right of Way due to the old road's irregular shape. Plaintiff has had the Temporary Right of Way since October 4, 2013, but has yet to return a signed copy to the Defendant.

2. Attached hereto as Dft. Exh. A is a September 30, 2013 communication to Plaintiff regarding the status of BIA's drafting the Temporary Right of Way. Stated therein:

> I am informed that the center-line survey for the Temporary ROW across Old Diamond Bar Road was completed last week and that the data is now at the BIA office being finalized. Apparently, the alignment across Old Diamond Bar Road varies in width at different locations, and our engineers want to make the document as accurate as possible. I will get a copy of the document to you this week, hopefully by Thursday, for signature and return. In the event of a government shutdown, I will try to arrange for someone at this Office to fax a copy to you for signature and return. My position is not deemed essential to government functioning, and I will be prohibited from working in the event of a shut down. Upon return of the signed copy, BIA can file it in Mohave County and the parties can transition to the public use of the Old Road.

3. Communication continued on Tuesday, October 1, 2013, the date on which the recent Government shutdown began, when undersigned counsel sent another email to Plaintiff's, informing Plaintiff's counsel of the status of the Temporary Right of Way. A true and correct copy of that communication is attached hereto as Dft. Exh. B, which stated, in part:

> I understand and very much appreciate your position regarding use of the Old Alignment and have been making efforts to complete the temporary easement as quickly as possible. Please note that we were prepared to do so during our mediation with Mr. Eckstein, but held off until you agreed to our proposal last week and allowed the surveyors onto the Ranch on Thursday. The BIA should finish drafting the easement this week, by Thursday or Friday, and I have arranged for a contract legal assistant who is not furloughed at our office to transmit the document to you for signature and return. Whomever is available at the BIA can then file the document with Mohave County and the public can begin using the old alignment.
>
> To do so earlier, even with an agreement by the parties, would not be possible. For one, I cannot agree to make the United States liable for any accidents on the easement absent documented evidence of the BIA's ownership of the temporary easement – i.e., if there is an accident on the Old Alignment before an easement is recorded due to something wrong with the road, Grand Canyon Ranch would be held liable, not the BIA. It is my understanding from your pleadings that you do not want that responsibility, and I do not want to force it upon you. Further, absent a legal document permitting the BIA operate on the road, there is no jurisdictional basis for the Tribal police to assume activities on the easement. Even more than tort liability, we cannot, by agreement, grant criminal jurisdiction over a parcel of private land. Therefore, if an accident were to occur before the easement was recorded, I can only assume that your client would have to call the

> Sheriff's department to investigate; and during that time, no police entity would have authority to enforce speeding or other matters.
>
> Again, I understand and sympathize with your eagerness to move forward. As I stated last night, the easement is presently being drafted but has taken slightly longer due to the non-traditional size and scope of the Old Alignment. I have no control over my inability to work during the Government shutdown, but have done my best to arrange for this to move forward in my absence. Please note that I am legally prohibited from working while the is [sic] shut down is taking place. I cannot respond to emails, listen to my voicemail, etc., but I have arranged for the easement to be transmitted to you for signature and return this week. It is the best I can do under these circumstances to protect everyone's rights in light of liability from the public use of this Old Alignment.

4.      As stated above, undersigned counsel arranged for a contract legal assistant who was not furloughed on October 1 through 17, to obtain the completed Temporary Right of Way and transmit it to Plaintiff's counsel. The contract legal assistant obtained the completed Temporary Right of Way on October 3, 3013 – the day Defendant was to transfer the document to Plaintiff – at or around 3 p.m., but was unable to scan and email the document to Plaintiff's counsel because of the large maps that were attached to the document. Accordingly, the contract legal assistant physically delivered the documents to Plaintiff's counsel the following day. *See* Dft. Exh. C (Temporary Right of Way, without maps, and legal description).

5.      The one-day delay in transmitting the Temporary Right of Way document to Plaintiff's counsel was not done in bad faith, but was simply a function of unavoidable delay due to extraneous matters outside the Defendant's control. The United States made every effort to accommodate the potential for problems transmitting the document to Plaintiff prior to the Government shutdown

6.      Plaintiff has had the Temporary Right of Way since October 4, 2013. Plaintiff has yet to sign and return the Temporary Right of Way, which would permit traffic to pass along the portion of Old Diamond Bar Road traversing Plaintiff's property, nor has Plaintiff deposited the Bond amount set forth in this Court's Temporary Restraining Order.

7.      As stated at this Court's hearing, absent recordation of the Temporary Right of Way, the BIA has absolutely no legal authority to regulate, warn, and inform the

traveling public of its ability to use the Temporary Right of Way; the BIA cannot assume liability for accidents on the Temporary Right of Way; nor can arrange for policing of the Temporary Right of Way. Because Plaintiff has yet to sign and return the Temporary Right of Way, the public continues to use the "Bypass Road" within meets and bounds of the new alignment.

8. Attached hereto as Dft. Exh. D and E are additional communications between counsel for the Hualapai Tribe and Plaintiff's counsel regarding the unsigned Temporary Right of Way, which were transmitted communicated while undersigned counsel was furloughed. Of note, Dft. Exh. E indicates discussion regarding Plaintiff's continued desire to obtain a licensing agreement and/or "fee" from the Hualapai tribe for the public's use of Old Diamond Bar Road.

9. The BIA is ready, willing, and able, to maintain the portion of the Old Diamond Bar Road subject to the Temporary Right of Way as soon as Plaintiff signs and returns the document included at Dft. Exh. C.

WHEREFORE, the Defendant respectfully requests that this Court DENY Plaintiff's Request for Entry of an Emergency Order Regarding Temporary Easement.

Respectfully submitted this 21st day of October, 2013.

          JOHN S. LEONARDO
          United States Attorney
          District of Arizona


          *s/ Peter M. Lantka*
          PETER M. LANTKA
          Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Keith L. Hendricks
Moyes Sellers & Hendricks
1850 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
khendricks@law-msh.com
*Attorneys for the Plaintiff*

Robert Alexander Taylor
Mohave County Attorney's Office
P.O. Box 7000
Kingman, AZ 86402-7000
*Attorneys for Defendant Mohave County*

*s/Mary C. Bangart*
U.S. Attorney's Office