1  MOYES SELLERS & HENDRICKS
   Keith L. Hendricks (No. 012750)
2  Louis D. Lopez (No. 021191)
   Matthew A. Lensch (No. 024725)
3  1850 North Central Avenue, Suite 1100
   Phoenix, Arizona  85004
4  Telephone: (602) 604-2141
   khendricks@law-msh.com
5  llopez@law-msh.com
   mlensch@law-msh.com
6  Attorneys for Plaintiff
   Grand Canyon Ranch, LLC,
7  f.k.a. Grand Canyon West Ranch, LLC

8

9                UNITED STATES DISTRICT COURT

10                   DISTRICT OF ARIZONA

11  Grand Canyon Ranch, LLC, an Arizona
    limited liability company, f.k.a. Grand        Case No. 3:03-cv-02496-NVW
12  Canyon West Ranch, LLC,

13                                                 **PLAINTIFF'S RESPONSE TO**
                  Plaintiff,                       **DEFENDANTS' MOTION TO**
14                                                 **DISMISS**
    v.
15
    Sally Jewell, in her official capacity as
16  Secretary of the United States Department
    of the Interior; *et al.*,
17
18                Defendants.

19

20        Plaintiff Grand Canyon Ranch, LLC, formerly known as Grand Canyon West

21  Ranch, LLC ("Grand Canyon Ranch"), opposes the United States' motion to dismiss

22  (ECF Doc. 208).  The United States entered into a settlement agreement ("Agreement")

23  with Grand Canyon Ranch to terminate prior litigation proceedings over which this Court

24  indisputably had jurisdiction, agreed that the Court would retain jurisdiction to enforce the

25  Agreement, accepted the benefits of the Agreement from Grand Canyon Ranch, but

26  intentionally breached its express and implied obligations owed to Grand Canyon Ranch

MOYES SELLERS &
   HENDRICKS        00076115

PHOENIX, AZ

1     under the Agreement.  Despite the foregoing facts, the United States argues that this Court

2     cannot exercise either its inherent powers or jurisdiction – ancillary, retained, or otherwise

3     – to enforce the Agreement that the parties agreed the Court would have jurisdiction to

4     enforce.  The United States further argues that the Court cannot award Grand Canyon

5     Ranch any meaningful relief for the United States' material breaches of the Agreement.

6     The United States is wrong.

7          The United States' arguments regarding specific performance and damage

8     limitations fail based on the plain language of the Agreement, and for the reasons the

9     Court articulated at the evidentiary hearing held on September 25 and 26, 2013 and in its

10    orders granting injunctive relief to Grand Canyon Ranch.  Even if the Court could not

11    compel specific performance of the Agreement, however, the Court has other avenues

12    through which it may fashion appropriate relief in Grand Canyon Ranch's favor.  The

13    Court, for example, could find that the United States' material breaches of the Agreement

14    excuse Grand Canyon Ranch from further performance, which would mean that the

15    United States and its grantees and assigns no longer have any rights to use the easement

16    that Grand Canyon Ranch granted under the Agreement.  The Court could also hold the

17    United States in contempt for violating the Court's dismissal order that incorporates the

18    Agreement, and impose fines or other sanctions for each day the United States has and

19    continues to operate in violation of the Court's order and the Agreement.  The Court may

20    further award Grand Canyon Ranch substantial damages to compensate it for the loss of

21    its bargain under the Agreement.  Such damages would include not only the physical

22    damage caused to Grand Canyon Ranch's property and damage to its business, but also

23    the exponentially higher cost of retrofitting the road to provide for the amenities required

24    under the Agreement, which the United States still refuses to build.

25         The United States' arguments regarding tort claims and violations of Arizona law

26    fail because, as of this date, Grand Canyon Ranch has not sued the United States in tort or

MOYES SELLERS &
HENDRICKS

PHOENIX, AZ

00076115

1  for any violations of Arizona law.  Grand Canyon Ranch's claims against the United

2  States for breach of contract, declaratory relief, and injunctive relief all arise out of the

3  United States' material breaches of the parties' Agreement.  The factual allegations the

4  United States complains about are not separate claims, but merely highlight the United

5  States' failure to comply with the express terms of the parties' Agreement and the implied

6  covenant of good faith and fair dealing contained therein, including the United States'

7  failure to exercise proper (or any) controls over those with whom it chose to separately

8  contract (i.e., the Hualapai Tribe).  Finally, the Hualapai Tribe ("Tribe") is not an

9  indispensable party to this action because it is not a party to the Agreement out of which

10  all of Grand Canyon Ranch's claims arise.  Grand Canyon Ranch has no contractual or

11  other relationship with the Tribe, and the Tribe has made it clear it intends to hide behind

12  sovereign immunity rather than subject itself to the Court's jurisdiction and answer for its

13  outrageous conduct.  As suggested above and discussed in further detail below, the Court

14  may fashion complete relief for Grand Canyon Ranch without the Tribe's involvement.

15  The Court should therefore deny the United States' motion to dismiss in its entirety.

16  **I.  FACTUAL BACKGROUND.**

17  **A. The Parties Entered Into the Agreement to Settle and Terminate This Lawsuit, and Agreed the Court Would Enforce the Agreement.**

18

19  On June 27, 2007, Grand Canyon Ranch entered into the binding settlement

20  Agreement with the United States and Mohave County.  *See, e.g.*, Second Amended

21  Complaint (ECF Doc. 195) at ¶ 31; *see also* Agreement (ECF Doc. 118-6 at page 12);

22  Order dated Oct. 11, 2013 (ECF Doc. 254) at 2:26 – 3:8.  The Agreement terminated prior

23  litigation proceedings then pending before this Court in the above-captioned matter.  ECF

24  Doc. 118-6 at page 13 ¶ 3.  The Court indisputably had jurisdiction over the prior

25  proceedings that led to the settlement documented in the Agreement, and if the parties had

26  not entered into the Agreement, those proceedings would have continued before this Court

MOYES SELLERS &
HENDRICKS

PHOENIX, AZ

00076115

1   until the Court entered a final judgment.  As part of the Agreement, then, the parties

2   expressly agreed that the Court would have jurisdiction to enforce its terms:

> Any action relating to this Agreement in any way shall be brought and
> maintained in the state or federal courts in the State of Arizona, and <u>all</u>
> <u>parties consent to jurisdiction and venue in said courts</u>.  The parties agree
> that <u>any dispute as to performance</u> of this agreement may be resolved by
> proceeding by motion in the United States District Court for the District of
> Arizona, under the caption and case number of the Action.

7   ECF Doc. 118-6 at page 15 ¶ 12 (emphasis added); *see also* Second Amended Complaint

8   (ECF Doc. 195) at ¶ 44.  Each of the parties to the Agreement specifically warranted "that

9   it has the authority to enter into this Agreement, and that it will take such acts as may be

10  required to effectuate this Agreement."  ECF Doc. 118-6 at page 15 ¶ 14.  The Tribe was

11  not a party to the original litigation before this Court, is not a party to the Agreement, and

12  the road construction at issue in this case is occurring on Grand Canyon Ranch's private

13  property and not on the Tribe's property.  *See generally id.* at pages 10 – 19; *see also*

14  Order dated Oct. 11, 2013 (ECF Doc. 254) at 3:28 – 4:2.

15          **B.  The United States Materially Breached the Agreement.**

16          The United States has materially breached the express and implied covenants in the

17  Agreement in multiple ways, which breaches have caused Grand Canyon Ranch

18  substantial damage.  *See, e.g.*, Second Amended Complaint (ECF Doc. 195) at ¶¶ 55 –

19  134; *see also* Order dated Oct. 11, 2013 (ECF Doc. 254) at 5:24 – 7:27, 9:1-14, 9:25 –

20  10:6, and 10:12-14; Temporary Restraining Order (ECF Doc. 255) at 1:20 – 2:6.  As the

21  Court succinctly stated: "Defendants have failed in their obligations to honor the

22  Settlement Agreement and to ensure construction proceeds in a way that protects the

23  rights of the easement grantor [Grand Canyon Ranch]."  Order dated Oct. 11, 2013 (ECF

24  Doc. 254) at 10:3-5.  For that precise reason, Grand Canyon Ranch sued the United States

25  for breach of the Agreement (Second Amended Complaint at ¶¶ 165 – 173), declaratory

26  relief under the Agreement (*id.* at ¶¶ 174 – 179), and injunctive relief to preclude

MOYES SELLERS &
HENDRICKS

PHOENIX, AZ

00076115

1    continuing violations of the Agreement (*id.* at ¶¶ 180 – 186).  As of this date, Grand

2    Canyon Ranch has not asserted any tort claims against the United States.  *See generally*

3    Second Amended Complaint (ECF Doc. 195).

**C. The Court Already Ruled It Has Jurisdiction to Enforce the Agreement.**

5    The Court previously amended the July 2, 2007 dismissal order terminating the

6    prior litigation proceedings to provide this Court with "continuing jurisdiction to enforce

7    the settlement [Agreement] underlying that dismissal order."  ECF Doc. 162 at 11:12-14.

8    In addition, at the evidentiary hearing on Grand Canyon Ranch's recent application for

9    preliminary injunction, the Court acknowledged that it generally "cannot order specific

10   performance of a contract" as to the United States, but "in this case, we have the

11   circumstances that this is a settlement that expressly agreed that the Court would retain

12   jurisdiction to do exactly that."  Transcript of Proceedings (Sept. 26, 2013) at 377:11-16.

13   The Court also stated that the Agreement's "terms are utterly explicit, and it includes the

14   obligation to comply and the authority of this Court to enforce it."  *Id.* at 413:21-23; *see*

15   *also* Order dated Oct. 11, 2013 (ECF Doc. 254) at 3:7-8 ("The parties agreed that the

16   United States District Court for the District of Arizona would retain jurisdiction to enforce

17   the settlement").

18   The Court further stated that, even if it could not order specific performance by

19   telling the United States what to do as part of its construction, it could still order the

20   United States to <u>not</u> do something such as not continue using the Grant of Right-of-Way

21   ("ROW") on Grand Canyon Ranch's property if the United States continues to plow

22   forward in a manner that exceeds the scope of the ROW and otherwise violates the United

23   States' obligations under the Agreement.  *See, e.g.*, Transcript of Proceedings (Sept. 26,

24   2013) at 414:5-23.  As the Court noted, the United States cannot decide it will only accept

25   the part of the ROW it likes and violate the remaining part it does not like so as to

26   completely deprive Grand Canyon Ranch of the benefit of its bargain under the

MOYES SELLERS &
HENDRICKS

00076115

PHOENIX, AZ

1    Agreement.  *Id.*  In such a case, the Court properly stated it could find that the United

2    States has simply lost all rights to use the ROW: "You don't have an easement.  Stop."

3    *Id.*  The Court also correctly found that Grand Canyon Ranch never would have entered

4    into the Agreement or granted the ROW to the United States in the absence of the Court's

5    retained jurisdiction and authority to enforce the terms of the Agreement.  *Id.* at 413:14-

6    20; *see also* Nigel Turner's testimony in Transcript of Proceedings (Sept. 25, 2013) at

7    67:1 – 69:2.

8    **II. THE COURT SHOULD DENY THE MOTION TO DISMISS.**

9         **A. The Applicable Standards.**

10        On a factual challenge to the Court's subject matter jurisdiction under Rule

11   12(b)(1), the Court is not required to but "may look beyond the complaint to matters of

12   public record without having to convert the motion into one for summary judgment."

13   *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  The Court "need not" accept Grand

14   Canyon Ranch's factual allegations as true.  *Id.*  On any potential appeal, however, "the

15   reviewing court must accept as true the allegations of the complaint."  *United States v.*

16   *Hughes Aircraft Co.*, 243 F.3d 1181, 1189 (9th Cir. 2001); *see also Savage v. Glendale*

17   *Union High School*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003) (noting that "because this

18   case was considered by the district court under a Rule 12(b)(1) motion to dismiss, we

19   assume the material facts alleged in the complaint are true.").  With respect to a motion to

20   dismiss for failure to join an indispensable party, however, the moving party "bear[s] the

21   burden in producing evidence in support of the motion."  *Village of Hotvela Traditional*

22   *Elders v. Indian Health Services*, 1 F.Supp.2d 1022, 1025 (D. Ariz. 1997).

23        **B. The United States' Request to Dismiss the Injunctive Relief Claim is Moot.**

24        The United States seeks dismissal of Grand Canyon Ranch's claim for injunctive

25   relief based on the United States' prior motion to dismiss.  Motion (ECF Doc. 208) at

26   3:12-20 (citing ECF Doc. 131).  Grand Canyon Ranch incorporates by reference its

MOYES SELLERS &
HENDRICKS

PHOENIX, AZ

00076115

- 6 -

1  response to the United States' prior motion to dismiss.  *See* ECF Doc. 137.  In any event,

2  the United States' request is largely rendered moot in light of the Court's recent rulings

3  granting injunctive relief in Grand Canyon Ranch's favor.  *See, e.g.*, Temporary

4  Restraining Order (ECF Doc. 255); *see also* Transcript of Proceedings (Sept. 26, 2013) at

5  450:16-24 and 454:11 – 456:5; Order dated Oct. 11, 2013 (ECF Doc. 254).  To the extent

6  the request to dismiss the injunctive relief claim is not moot, however, the Court should

7  deny the United States' motion for the reasons set forth below.

8  **C. The Court Properly Retained Jurisdiction to Enforce the Agreement.**

9  The United States argues that the Court cannot order specific performance, and

10  only has jurisdiction to hear contract actions against the United States involving $10,000

11  or less in damages.  Motion (ECF Doc. 208) at 3:12 – 5:7.  The United States completely

12  ignores that it voluntarily entered into an Agreement expressly vesting this Court with

13  jurisdiction to enforce the terms of the parties' settlement.  ECF Doc. 118-6 at page 15

14  ¶ 12.  The United States also ignores that it warranted to Grand Canyon Ranch "that it has

15  the authority to enter into this Agreement, and that it will take such acts as may be

16  required to effectuate this Agreement."  *Id.* at ¶ 14.  As the Court has repeatedly noted,

17  these distinguishing factors take this case out of the ordinary situation where the Court

18  would arguably lack jurisdiction to enforce the terms of a contract entered into with the

19  United States.  *See, e.g.*, ECF Doc. 162 at 11:12-14; Transcript of Proceedings (Sept. 26,

20  2013) at 377:11-16 and 413:21-23.

21  In fact, the Court expressly amended its prior dismissal order in this matter to

22  retain jurisdiction over the enforcement of the Agreement.  ECF Doc. 162 at 11:12-14.

23  The Court thus has jurisdiction and inherent power to enforce the Agreement.  *See*

24  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381 (1994) ("we think the court is

25  authorized to embody the settlement contract in its dismissal order (or, what has the same

26  effect, retain jurisdiction over the settlement contract)."); *Dacanay v. Mendoza*, 573 F.2d

1   1075, 1078 (9th Cir. 1978) ("it is equally well settled in the usual litigation context that

2   courts have inherent power summarily to enforce a settlement agreement with respect to

3   an action pending before it . . . [based in part on] the policy favoring the amicable

4   adjustment of disputes and the concomitant avoidance of costly and time consuming

5   litigation."); *TNT Mktg., Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986) ("Although the

6   court normally exercises its enforcement power in response to a motion to enforce the

7   agreement, it may do so in contempt proceedings for violation of a court order approving

8   the settlement and commanding or enjoining particular conduct."); *In re Suchy*, 786 F.2d

9   900, 902 (9th Cir. 1986) ("it is well settled that a court has inherent power to enforce

10  summarily a settlement agreement involving an action pending before it."); *Aro Corp. v.*

11  *Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir. 1976), *cert. denied by* 429 U.S. 862

12  (1976) ("It is well established that courts retain the inherent power to enforce agreements

13  entered into in settlement of litigation pending before them," because "[t]he agreement in

14  question came into existence not in the free market place but in response to pending

15  litigation in a federal court," and "the contract entered into between the parties cannot be

16  viewed independently of the original suit."); *VanLeeuwen v. Farm Credit Admin.*, 600

17  F.Supp. 1161, 1164 (D. Or. 1984) ("Upon repudiation of a settlement agreement which

18  terminates litigation pending before it, a district court has authority under Fed.R.Civ.P.

19  60(b)(6) to vacate the prior dismissal order and restore the case to its docket," after which

20  "the court can enforce the original agreement if it has been the basis for dismissal and

21  incorporated into the court's order or the case can proceed to a trial on the merits.").

22        In *Kokkonen*, for instance, the U.S. Supreme Court rejected the argument that the

23  district court had ancillary jurisdiction to enforce a settlement agreement where the prior

24  dismissal order did not incorporate the settlement agreement.  511 U.S. at 381.  The Court,

25  however, noted that "[t]he situation would be quite different if the parties' obligation to

26  comply with the terms of the settlement agreement had been made part of the order of

MOYES SELLERS &
HENDRICKS

PHOENIX, AZ

00076115

1    dismissal.  In that event, <u>a breach of the agreement would be a violation of the order, and</u>

2    <u>ancillary jurisdiction to enforce the agreement would therefore exist</u>."  *Id.* (emphasis

3    added).   Retaining jurisdiction over the settlement agreement has the same effect as

4    incorporating it into the dismissal order. *Id.*

5         In this case, the Court has amended the dismissal order to provide for its

6    enforcement of the Agreement as the parties originally intended, and the Court therefore

7    has jurisdiction to enforce the terms of the Agreement.  Accepting the United States'

8    position would effectively make the Agreement unenforceable anywhere contrary to the

9    parties' intent that this Court enforce it.  The United States' position would also render

10   meaningless the Court's prior ruling retaining jurisdiction over the Agreement.

11        Stated differently, the Court indisputably had jurisdiction over the original

12   proceedings between the parties in this lawsuit, which started in 2003 and terminated with

13   the settlement documented in the Agreement.  Grand Canyon Ranch never would have

14   settled and entered into the Agreement without the United States' express covenant that

15   the Court would have jurisdiction to enforce the terms of the Agreement that terminated

16   the litigation. Transcript of Proceedings (Sept. 26, 2013) at 413:14-20; *see also* Transcript

17   of Proceedings (Sept. 25, 2013) at 67:1 – 69:2.  Absent the settlement as documented in

18   the Agreement, the prior litigation would not have terminated and Grand Canyon Ranch

19   would have continued to pursue its claims against the United States until it obtained a

20   final, enforceable judgment against the United States, which the Court certainly had

21   jurisdiction to issue.  In lieu of litigating to a final judgment, the parties agreed to settle

22   their disputes under the terms of the Agreement, and further agreed that the Court would

23   have jurisdiction to enforce the Agreement.  The fact the United States decided to renege

24   on its contractual obligations several years later does not operate to divest the Court of its

25   original jurisdiction to enter judgment against the United States and enforce the settlement

26   documented in the Agreement, which arose out of a lawsuit that had been properly

1    initiated before the Court.

2         Accordingly, the Court should enforce the Agreement just like any other contract.

3    "An agreement to settle a legal dispute is a contract and its enforceability is governed by

4    familiar principles of contract law." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1990).

5    The law favors enforcement of settlement agreements to, among other things, avoid costly

6    and time consuming litigation.  *Id.*  The Court may specifically enforce a settlement

7    agreement, or award damages for its breach.  *TNT Mktg.*, 796 F.2d at 278.

8         In addition, the United States Supreme Court has recognized that "a repudiation of

9    a contract, amounting to a breach, warrants the other party in going no further in

10   performance on his side."  *The Eliza Lines*, 199 U.S. 119, 128 (1905); *see also Zancanaro*

11   *v. Cross*, 85 Ariz. 394, 400, 339 P.2d 746, 750 (1959) ("the victim of a material or total

12   breach is excused from further performance.").  Thus, even if the Court agreed with the

13   United States that it lacked authority to enforce the Agreement despite retaining

14   jurisdiction for that purpose, the Court could still find that the United States has materially

15   breached the Agreement and excuse Grand Canyon Ranch from further performance.  In

16   other words, as the Court suggested at the evidentiary hearing, the Court could properly

17   find that the United States no longer has any rights to use the ROW and terminate the

18   easement over Grand Canyon Ranch's private property.  Transcript of Proceedings (Sept.

19   26, 2013) at 414:5-23; *Eliza Lines*, 199 U.S. at 128; *Zancanaro*, 85 Ariz. at 400, 339 P.2d

20   at 750.

21        **D. Grand Canyon Ranch Has Not Sued the United States in Tort or For**
          **Violations of Arizona Statutes.**
22
          The United States argues that the Court must dismiss certain of Grand Canyon
23
     Ranch's allegations in its Second Amended Complaint related to violations of Arizona
24
     law (Motion at 5:8 – 6:15) and tortious conduct (Motion at 6:16 – 8:27).  The Second
25
     Amended Complaint, however, only included claims against the United States for breach
26

1  of contract, declaratory relief, and injunctive relief.  ECF Doc. 195 at ¶¶ 165 – 186.  In

2  this case, as of this date, Grand Canyon Ranch has not sued the United States for

3  violations of any Arizona statutes or under any tort theories. *Id.*

4         The factual allegations about which the United States has complained are not

5  separate tort claims, but merely demonstrate that the United States has not complied with

6  the express and implied covenants in the Agreement, and instead improperly entrusted its

7  obligations to the Tribe without adequate (or any) oversight or supervision. *See, e.g.*,

8  Second Amended Complaint at ¶¶ 63, 64, 65, 67, 68, 71, 72, 74, and 85.  Testimony at the

9  evidentiary hearing established the truth of Grand Canyon Ranch's allegations in this

10  regard; for example, the contractor building the road on Grand Canyon Ranch's property

11  never even received a copy of the Final Environmental Impact Statement that the parties

12  had incorporated into the Agreement as a material part of its terms.  Transcript of

13  Proceedings (Sept. 26, 2013) at 345:10-13; *see also* Agreement (ECF Doc. 118-6) at page

14  14 ¶ 4, page 15 ¶ 8, page 19 ¶ 1; Second Amended Complaint at ¶¶ 56 – 63.  The Court

15  has also agreed that "[t]he United States cannot abdicate its responsibility for its easement

16  or its obligations under the Settlement Agreement by delegating the construction of the

17  road to the Hualapai Indian Tribe."  Order dated Oct. 11, 2013 (ECF Doc. 254) at 9:26 –

18  10:1.  The allegations at issue in the Second Amended Complaint only highlight the

19  Tribe's and Fann's outrageous treatment of Grand Canyon Ranch and its managing

20  member, and the egregious breaches of the peace and damage to Grand Canyon Ranch's

21  private property wrought because the United States has failed to comply with its

22  obligations under the Agreement. *See, e.g.*, Second Amended Complaint at ¶¶ 63, 64, and

23  143 – 164.  The United States cannot obtain dismissal of these factual allegations at this

24  stage of the proceedings.  Further, some of the allegations that the United States argues do

25  not apply to it included parallel citations to Arizona state law to supplement Grand

26  Canyon Ranch's citation of their counterparts under applicable federal law. *See, e.g.*,

MOYES SELLERS &
HENDRICKS

PHOENIX, AZ

00076115

1    Second Amended Complaint at ¶¶ 142, 173, 177, 178, and 186.  The Court should not

2    dismiss any such allegations from the Second Amended Complaint.

3             **E.  The Tribe Is Not Indispensable to Any of Grand Canyon Ranch's Claims.**

4             The United States argues that the Tribe is an indispensable party, and the Court

5    should dismiss the Second Amended Complaint under Fed. R. Civ. P. 12(b)(7) for "failure

6    to join a party under Rule 19."  Motion (ECF Doc. 208) at 9:1 – 15:2.  The United States

7    bears the burden on this motion. *Village of Hotvela*, 1 F.Supp.2d at 1025.  Under Fed. R.

8    Civ. P. 19, a party must be joined if it "is subject to service of process" and "joinder will

9    not deprive the court of subject-matter jurisdiction," but only if the Court "cannot accord

10   complete relief among existing parties" or "disposing of the action in the person's absence

11   may" impair such person's ability to protect its interests or expose the person to a

12   substantial risk of double, multiple, or inconsistent obligations.  As previously stated,

13   Grand Canyon Ranch would welcome the opportunity to join the Tribe to this lawsuit

14   (ECF Docs. 212 and 246), and the Court has even indicated that the Tribe may move to

15   intervene under Rule 24 if it chooses (ECF Doc. 249), but the Tribe has opted to continue

16   hiding behind sovereign immunity.

17            Even if the Tribe waived sovereign immunity, however, the Tribe would not

18   qualify as indispensable under Rule 19 because it is not a party to the Agreement out of

19   which all of Grand Canyon Ranch's claims arise.  The Tribe was neither a party to the

20   original litigation in this case or the settlement documented in the Agreement.  As such,

21   the Court can accord Grand Canyon Ranch complete relief for the United States' material

22   breaches of the Agreement in the absence of the Tribe.  In fact, the United States admitted

23   as much at the evidentiary hearing through the testimony of its regional roads engineer,

24   David Smith:

25

26

1

2   THE COURT:   But do you understand that under the Settlement Agreement all these obligations we're talking about are obligations of the United States government.  They cannot be punted off to someone else.

3

4   THE WITNESS:   Correct.

5   THE COURT:   And they must be carried out by the United States government.  Do you understand that?

6

7   THE WITNESS:   Yes, sir.

8   Transcript of Proceedings (Sept. 26, 2013) at 227:5-12.  The Court later stated that the

9   United States cannot delegate its obligations under the Agreement "to anybody and say,

10   we're washing our hands.  You do what you want." *Id.* at 401:20 – 402:20.  The Court

11   further elaborated:

12   <u>This is a case about the obligations of the United States of America</u>.  The United States of America can decide to give someone the right to carry out the United States' obligations and it has no consequence on the obligations of the United States.  It's not freed from its obligations.  It's not excused.  It doesn't get to wait until they can talk to someone else.  <u>The government is obligated to do this.  And if they ended up contracting with someone who will not do the job, that is not the burden of the plaintiffs.  That's the government's</u>.  They have to accept responsibility for not having undertaken to carry out their responsibility.  They can deal with the people but <u>the injured plaintiff has no obligation to sue or bring in or wait for the acquiescence of somebody else that is not the party with whom it contracted or the holder of the property right that is the subject of this dispute</u>.

13

14

15

16

17

18

19

20   *Id.* at 430:3 – 19 (emphasis added).  Similarly, the Court later stated:

21   But it also is pretty clear here that the government, through the BIA, has done business the way they usually do business with the tribe.  They thought they could just pass this to the tribe and whatever happened happened.  I believe the government's wrong about that.  I understand why that's the mindset of how the BIA operates 99.9 percent of the time, legitimately.  But this time, they couldn't.  It looks like that's what happened, that they passed it off to the tribe and they don't feel any obligation other than to act as a facilitator to try to get the tribe to agree to honor the government's obligations.  And I don't have any difficulty concluding that they are off

22

23

24

25

26

base.  <u>The government has more than the opportunity of a facilitator.  They are legally liable.  They are responsible.  And they do not free themselves of their obligations by passing it off to the tribe or to the tribe's contractor.</u>

*Id.* at 433:22 – 434:13 (emphasis added).  The Court thereafter expressly ruled that "[t]he United States cannot abdicate its responsibility for its easement or its obligations under the Settlement Agreement by delegating the construction of the road to the Hualapai Indian Tribe."  Order dated Oct. 11, 2013 (ECF Doc. 254) at 9:26 – 10:1.  Because the United States must comply with its obligations under the Agreement, and the Tribe is not a party to the Agreement, the Tribe is not indispensable to this case.

The primary case on which the United States relies is inapposite.  Motion at p. 9 (citing *Village of Hotvela*, 1 F.Supp.2d 1022).  The *Village of Hotvela* case involved the Hopi Tribe's construction of sewage treatment facilities located on tribal property using the federal government's money but with the completed facilities to be owned by the Tribe.  *Id.* at 1024-25.  Plaintiff sought to enjoin the construction, and this Court found that the Tribe was an indispensable party.  *Id.* at 1024, 1026.  Absent joinder of the Hopi Tribe, "complete relief would not be accorded because the Hopi Tribe would remain free to continue construction with other funds."  *Id.* at 1026.

Here, in contrast, Grand Canyon Ranch sued and seeks relief based on the United States' breaches of the Agreement.  The Tribe is not a party to the Agreement.  Furthermore, the public road construction at issue is not on tribal property, but is occurring on Grand Canyon Ranch's property in and near the ROW that Grand Canyon Ranch granted to the United States.  To the extent the Tribe has any rights to use the ROW, such rights are purely derivative as a grantee or assignee of the United States.  Foreclosing the United States' use of the ROW would necessarily foreclose use of the ROW by the United States' grantees and assignees, including the Tribe.  Further distinguishing this case from *Village of Hotvela*, the Tribe will not own the road upon its

MOYES SELLERS &
HENDRICKS

PHOENIX, AZ

00076115

- 14 -

1    completion because it will be dedicated to Mohave County as a public road.  Finally, as

2    the Court may recall, the Tribe is represented by competent counsel and has full

3    awareness of the proceedings in this case.  Indeed, the Tribe and its counsel attended the

4    recent evidentiary hearing, and lodged pre- and post-hearing amicus briefs with the Court.

5    ECF Docs. 207 and 241.  To the extent the Tribe has any interest in the road construction,

6    it has already been invited to participate in these proceedings by intervention (*see, e.g.*,

7    ECF Doc. 249), but the Tribe has elected to continue hiding behind its sovereign

8    immunity rather than appear and answer for its outrageous conduct.

9          In short, the Tribe is neither a necessary nor proper party in this case.  Grand

10   Canyon Ranch entered into the Agreement with the United States and not the Tribe.  The

11   United States is the party that breached the Agreement and not the Tribe.  The conduct at

12   issue took place on Grand Canyon Ranch's private property and not on the Tribe's

13   property.  Whatever the United States may have separately agreed to with the Tribe does

14   not impact Grand Canyon Ranch's claims against the United States for breach of the

15   Agreement, and the Tribe is not indispensable to Grand Canyon Ranch's claims or the

16   relief that the Court may grant against the United States.

17   **III.    CONCLUSION.**

18         For these and the foregoing reasons, the Court should deny the United States'

19   motion to dismiss (ECF Doc. 208) in its entirety.

20         DATED this 23rd day of October, 2013.

21                                        **MOYES SELLERS & HENDRICKS**

22

23                                        /s/ *Matt Lensch*
                                          Keith L. Hendricks
24                                        Louis D. Lopez
                                          Matthew A. Lensch
25                                        Attorneys for Plaintiffs
                                          Grand Canyon Ranch, LLC,
26                                        f.k.a. Grand Canyon West Ranch, LLC

MOYES SELLERS &
HENDRICKS          00076115

PHOENIX, AZ                                    - 15 -

1

## CERTIFICATE OF SERVICE

2

⊠    I hereby certify that, on October 23, 2013, I electronically transmitted Plaintiff's

3    Response to Defendants' Motion to Dismiss to the Clerk of the Court using the CM/ECF

System which will send notification of such filing and transmittal of a Notice of

4    Electronic Filing to all CM/ECF registrants.

5

6    /s/ *LeeAnne Skumlien*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MOYES SELLERS &
HENDRICKS

00076115

PHOENIX, AZ