JOHN S. LEONARDO
United States Attorney
District of Arizona
PETER M. LANTKA
Assistant U.S. Attorney
Indiana State Bar No. 24636-71
Illinois State Bar No. 6277854
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona  85004-4408
Telephone:  (602) 514-7500
Facsimile:  (602) 514-7760
E-Mail: peter.lantka@usdoj.gov
*Attorneys for the Defendant*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Grand Canyon West Ranch LLC, | |
| Plaintiff/Counter-Defendant, | **CIV-03-02496-PCT-NVW** |
| v. | |
| Sally Jewell, Secretary, United States Department of Interior, *et al.*, | **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |
| Defendant/Counter-Claimant. | |

Comes now the Defendant, Sally Jewell, Secretary, United States Department of Interior, (hereinafter the "Defendant," or "United States"), and, pursuant to Fed. R. Civ. P. 15(a)(3) and 13(a)-(b), files its Answer, Affirmative Defenses, and Counterclaims in response to Plaintiff's Second Amended Complaint ("SAC"). (Doc. No.  195).

# I     UNITED STATES' ANSWER

### Parties, Jurisdiction, and Venue

1.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 1 of Plaintiff's SAC and therefore DENIES the same.

1       2.    The allegations in Paragraph 2 of Plaintiff's SAC are statements of legal
2   capacity to suit to which no answer is required. Inasmuch as an answer is required, the
3   United States ADMITS only that Secretary Jewell is the current Secretary of the U.S.
4   Department of the Interior. The United States DENIES all other allegations in Paragraph
5   2.

6       3.    The allegations in Paragraph 3 of Plaintiff's SAC are statements of legal
7   capacity to suit to which no answer is required. Inasmuch as an answer is required, the
8   United States ADMITS only that Mr. Kornze is the current Principal Deputy Director for
9   the Bureau of Land Management. The United States DENIES all other allegations in
10  Paragraph 3. The United States further avers that the BLM is not an entity to suit in this
11  case. The Bureau of Indian Affairs, not the Bureau of Land Management, is the proper
12  entity at issue.

13      4.    The allegations in Paragraph 4 of Plaintiff's SAC are statements relating to
14  Plaintiff's characterization of the Defendant to which no answer is required. Inasmuch as
15  an answer is required, the United States DENIES the allegations in Paragraph 4.

16      5.    The allegations in Paragraph 5 of Plaintiff's SAC are statements of legal
17  capacity to suit to which no answer is required. Inasmuch as an answer is required, the
18  United States DENIES the allegations in Paragraph 5. The United States further avers that
19  fictitious defendants are not allowed in the federal system and, therefore, Defendant Does
20  should be dismissed.

21      6.    The allegations in Paragraph 6 of Plaintiff's SAC are statements law to
22  which no answer is required. Inasmuch as an answer is required, the United States
23  DENIES the allegations in Paragraph 6.

24      7.    The allegations in Paragraph 7 of Plaintiff's SAC are statements law to
25  which no answer is required. Inasmuch as an answer is required, the United States
26  DENIES the allegations in Paragraph 7.
27
28

8.      The allegations in Paragraph 8 of Plaintiff's SAC are statements law to which no answer is required. Inasmuch as an answer is required, the United States DENIES the allegations in Paragraph 8.

9.      The allegations in Paragraph 9 of Plaintiff's SAC are not statements of fact to which an answer is required. Inasmuch as an answer is required, the United States DENIES the allegations in Paragraph 9.

**Plaintiff's General Allegations**

10.      The United States lacks information sufficient to admit or deny the allegations in Paragraph 10 of Plaintiff's SAC, especially as to the specific geographic boundaries of the Ranch's property. As to the Ranch's lease agreements, the terms of the lease agreements at issue speak for themselves and provide the best evidence of their contents. The United States therefore DENIES the allegations of Paragraph 10.

11.      The United States lacks information sufficient to admit or deny the allegations in Paragraph 11 of Plaintiff's SAC and therefore DENIES the same.

12.      The United States lacks information sufficient to admit or deny the allegations in Paragraph 12 of Plaintiff's SAC and therefore DENIES the same.

13.      The United States lacks information sufficient to admit or deny the allegations in Paragraph 13 of Plaintiff's SAC and therefore DENIES the same.

14.      The United States lacks information sufficient to admit or deny the allegations in Paragraph 14 of Plaintiff's SAC and therefore DENIES the same.

15.      The United States lacks information sufficient to admit or deny the allegations in Paragraph 15 of Plaintiff's SAC and therefore DENIES the same.

16.      The United States lacks information sufficient to admit or deny the allegations in Paragraph 16 of Plaintiff's SAC and therefore DENIES the same.

17.      The United States lacks information sufficient to admit or deny the allegations in Paragraph 17 of Plaintiff's SAC and therefore DENIES the same.

18.     The United States DENIES the allegations of Paragraph 18 of Plaintiff's SAC.

19.     The United States ADMITS only that the western and northern boundaries of Ranch property are adjacent to the BLM's Joshua Tree Forest Area of Critical Environmental Concern. The United States DENIES all remaining portions of Paragraph 19.

20.     The United States DENIES the allegations of Paragraph 20 of Plaintiff's SAC.

21.     Without citation to the reports on which Plaintiff relies, the United States lacks information sufficient to admit or deny the allegations in Paragraph 21 of Plaintiff's SAC and therefore DENIES the same. The United States avers that the U.S. Department of Agriculture classifies Joshua Trees as having "moderate" growth.

22.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 22 of Plaintiff's SAC and therefore DENIES the same.

23.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 23 of Plaintiff's SAC and therefore DENIES the same.

24.     The United States DENIES the allegations of Paragraph 24 of Plaintiff's SAC.

25.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 25 of Plaintiff's SAC and therefore DENIES the same.

26.     The United States ADMITS that the BLM, Kingman Field Office published a document entitled "Final Environmental Impact Statement Diamond Bar Road Improvement" in or around May 2002. The United States DENIES the remainder of the allegations in Paragraph 26 of Plaintiff's SAC.

27.     The United States DENIES the allegations of Paragraph 27 of Plaintiff's SAC.

28.     The terms within the FEIS at issue is speak for themselves and provide the best evidence of the document's contents. The United States therefore DENIES the allegations of Paragraph 28.

29.     The terms of any Right of Way at issue speak for themselves and provide the best evidence of those documents' contents. The United States therefore DENIES the allegations of Paragraph 29.

30.     The United States ADMITS that the Ranch initiated a lawsuit against several federal entities in or about 2003. The United States DENEIS the remaining allegations of Paragraph 30 of Plaintiff's SAC.

31.     The United States ADMITS that the parties to Case No. CIV-03-02496 entered into a Settlement Agreement in or about June 2007. The terms of the Settlement Agreement at issue speak for themselves and provide the best evidence of their content. The United States therefore DENIES the remaining allegations of Paragraph 31.

32.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 32 of Plaintiff's SAC and therefore DENIES the same.

33.     The terms of the Settlement Agreement at issue speak for themselves and provide the best evidence of their content.  The United States therefore DENIES the allegations of Paragraph 33.

34.     The terms of the Settlement Agreement at issue speak for themselves and provide the best evidence of their content.  The United States therefore DENIES the allegations of Paragraph 34.

35.     The terms of the FEIS speak for themselves and provide the best evidence of their content.  The United States therefore DENIES the allegations of Paragraph 35. The United States further avers that the FEIS is not a binding document on the Government.

36.     The terms of the FEIS speak for themselves and provide the best evidence of their content.  The United States therefore DENIES the allegations of Paragraph 36. The United States further avers that the FEIS is not a binding document on the Government.

37.     The terms of the FEIS speak for themselves and provide the best evidence of their content.  The United States therefore DENIES the allegations of Paragraph 37. The United States further avers that the FEIS is not a binding document on the Government.

38.     The terms of the FEIS speak for themselves and provide the best evidence of their content.  The United States therefore DENIES the allegations of Paragraph 38. The United States further avers that the FEIS is not a binding document on the Government.

39.     The terms of the Settlement Agreement speak for themselves and provide the best evidence of their content.  The United States therefore DENIES the allegations of Paragraph 39.

40.     The terms of the Settlement Agreement speak for themselves and provide the best evidence of their content.  The United States therefore DENIES the allegations of Paragraph 40.

41.     The terms of the Settlement Agreement speak for themselves and provide the best evidence of their content.  The United States therefore DENIES the allegations of Paragraph 41.

42.     The United States DENIES the allegations of Paragraph 42 of Plaintiff's SAC. The United States further avers that it is unable to answer on behalf of co-Defendant Mohave County.

43.     The terms of the Settlement Agreement speak for themselves and provide the best evidence of their content.  The United States therefore DENIES the allegations of Paragraph 43.

44.     The terms of the Settlement Agreement speak for themselves and provide the best evidence of their content.  The United States therefore DENIES the allegations of Paragraph 44.

45.     The allegations in Paragraph 45 are conclusions of law and do not require an answer. To the extent an answer is required, the United States DENIES the allegations of Paragraph 45 of Plaintiff's SAC.

46.     The United States ADMITS that the Ranch granted the BIA a Right of Way ("ROW"). The terms of the ROW speak for themselves and provide the best evidence of their content.  The United States therefore DENIES the remaining allegations of Paragraph 46.

47.     The terms of the ROW and Settlement Agreement speak for themselves and provide the best evidence of their content.  The United States therefore DENIES the allegations of Paragraph 47.

48.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 48 of Plaintiff's SAC and therefore DENIES the same.

49.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 49 of Plaintiff's SAC and therefore DENIES the same.

50.     The United States it is unable to answer on behalf of co-Defendant Mohave County and therefore DENIES the allegations of Paragraph 50 of Plaintiff's SAC.

51.     The terms of the ROW speak for themselves and provide the best evidence of their content.  The United States therefore DENIES the allegations of Paragraph 51.

52.     The United States ADMITS the allegations of Paragraph 52 of Plaintiff's SAC.

53.     The United States DENIES the allegations of Paragraph 53 of Plaintiff's SAC. The United States further avers that it is unable to answer on behalf of co-Defendant Mohave County.

54.     The United States DENIES the allegations of Paragraph 54 inasmuch as it places the Hualapai Tribe in a subservient position to the BIA. The United States has no

control over the actions of the Hualapai Tribe, as the Tribe is an independent, sovereign, nation. The United States ADMITS that the Hualapai Tribe has a contractual relationship with Fann Contracting. As to that contract, the terms of the contract speak for themselves and provide the best evidence of their content.  The United States therefore DENIES the remaining portions of Paragraph 54 of Plaintiff's SAC.

55.      The United States DENIES the allegations of Paragraph 55 of Plaintiff's SAC.

56.      The terms of any contract between the Hualapai Tribe and Fann Contracting at issue speak for themselves and provide the best evidence of those documents' contents. The United States therefore DENIES the allegations of Paragraph 56 of Plaintiff's SAC.

57.      The United States cannot answer as to the intent of non-parties to this litigation and lacks information sufficient to admit or deny Plaintiff's allegations. The Defendant therefore DENIES the allegations of Paragraph 57 of Plaintiff's SAC.

58.      The United States has no control over the actions of the Hualapai Tribe, as the Tribe is an independent, sovereign, nation. Defendant therefore DENIES the allegations of Paragraph 58 of Plaintiff's SAC.

59.      The terms of any contract between the Hualapai Tribe and Fann Contracting at issue speak for themselves and provide the best evidence of those documents' contents. The United States therefore DENIES the allegations of Paragraph 59 of Plaintiff's SAC.

60.      The United States DENIES the allegations of Paragraph 60 inasmuch as it places the Hualapai Tribe in a subservient position to the BIA. The United States has no

1

2

control over the actions of the Hualapai Tribe, as the Tribe is an independent, sovereign, nation.

3

4

5

6

61.     The terms of the Settlement Agreement and ROW at issue speak for themselves and provide the best evidence of those documents' contents. The United States therefore DENIES the allegations of Paragraph 61 of Plaintiff's SAC.

7

8

9

10

62.     The terms of the Settlement Agreement and ROW at issue speak for themselves and provide the best evidence of those documents' contents. The United States therefore DENIES the allegations of Paragraph 62 of Plaintiff's SAC.

11

12

13

63.     The allegations in Paragraph 63 are conclusions of law to which no answer is required. Inasmuch as an answer is required, the United States DENIES the allegations of Paragraph 63.

14

15

16

17

64.     The United States DENIES the allegations of Paragraph 64. The United States further DENIES that is has a legal obligation to supervise any work performed by Fann Contracting.

18

19

20

65.     The United States DENIES the allegations of Paragraph 65 of Plaintiff's SAC.

21

22

23

24

25

66.     The United States ADMITS only that a temporary, bypass road was created within the scope of the ROW across the Ranch property following Plaintiff's obstructing vehicular traffic in and around Memorial Day weekend, 2013. The United States DENIES the remaining allegations of Paragraph 66.

26

27

28

67.     The allegations in Paragraph 67 are conclusions of law and do not require an answer. To the extent an answer is required, the United States DENIES the allegations of Paragraph 67 of Plaintiff's SAC.

68.     The United States DENIES the allegations of Paragraph 68 of Plaintiff's SAC.

69.     The United States DENIES the allegations of Paragraph 69 of Plaintiff's SAC.

70.     The United States DENIES the allegations of Paragraph 70 of Plaintiff's SAC.

71.     The United States DENIES the allegations of Paragraph 71 of Plaintiff's SAC.

72.     The United States avers that the bypass road was never meant to encompass the complete road across Plaintiff's property and was only constructed following Plaintiff's obstructing vehicular traffic in and around Memorial Day weekend, 2013. The United States further avers that the plans as a whole do encompass the amenities set forth in the Settlement Agreement, and accordingly DENIES the allegations of Paragraph 72 of Plaintiff's SAC.

73.     The United States DENIES the allegations of Paragraph 73 of Plaintiff's SAC.

74.     The United States DENIES the allegations of Paragraph 74 if Plaintiff's SAC,

75.     The United States DENIES the allegations of Paragraph 75 of Plaintiff's SAC.

76.     The United States DENIES the allegations of Paragraph 76 of Plaintiff's SAC.

77.     The United States DENIES the allegations of Paragraph 77 of Plaintiff's SAC.

78.     The United States has no control over the actions of the Fann Contracting, as the Defendant has no privity of contract with Fann. Defendant therefore DENIES the allegations of Paragraph 78 of Plaintiff's SAC.

79.     The United States has no control over the actions of the Fann Contracting, as the Defendant has no privity of contract with Fann. Defendant therefore DENIES the allegations of Paragraph 79 of Plaintiff's SAC.

80.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 80 of Plaintiff's SAC and therefore DENIES the same.

81.     Defendant DENIES the allegations of Paragraph 81 of Plaintiff's SAC.

82.     Defendant DENIES the allegations of Paragraph 82 of Plaintiff's SAC.

83.     The United States avers that it complied with all requirements of the Native American Graves Protection and Repatriation Act and therefore DENIES the allegations of Paragraph 83 of Plaintiff's SAC.

84.     The United States DENIES the allegations of Paragraph 84 of Plaintiff's SAC.

85.     The United States has no control over the actions of the Hualapai Tribe or Fann Contracting and accordingly DENIES the allegations of Paragraph 85 of Plaintiff's SAC.

86.     The United States has no control over the actions of Mohave County or Fann Contracting and cannot answer on behalf of the co-defendant. The United States further DENIES the allegations of Paragraph 86 of Plaintiff's SAC.

87.     The United States DENIES the allegations of Paragraph 87 of Plaintiff's SAC.

88.     The United States DENIES the allegations of Paragraph 88 of Plaintiff's SAC.

89.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 89 of Plaintiff's SAC and therefore DENIES the same.

90.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 90 of Plaintiff's SAC and therefore DENIES the same.

91.     The United States cannot answer on behalf of co-defendant Mohave County. The United States DENIES the allegations in Paragraph 91 of Plaintiff's SAC.

92.     The terms of any contract Fann has with the Hualapai Tribe speak for themselves and provide the best evidence of their content.  The United States therefore DENIES the allegations of Paragraph 92.

93.     The United States DENIES the allegations of Paragraph 93.

94.     The United States cannot answer on behalf of co-defendant Mohave County. The United States DENIES the allegations in Paragraph 94 of Plaintiff's SAC.

95.     The United States cannot answer on behalf of co-defendant Mohave County, Fann Contracting, or the Hualapai Tribe. The United States DENIES the allegations in Paragraph 95 of Plaintiff's SAC.

96.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 96 of Plaintiff's SAC and therefore DENIES the same.

97.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 97 of Plaintiff's SAC and therefore DENIES the same.

98.     The United States DENIES the allegations in Paragraph 98 of Plaintiff's SAC.

99.     The United States is unable to answer the allegations of Paragraph 99, as the term "active construction" has no legal meaning. The United States DENIES the allegations of Paragraph 99 of Plaintiff's SAC.

100.     The United States ADMITS that Fann employees are present on the jobsite, but the Defendant has no control over their actions or direct information on the time and days of Fann's activities. Without sufficient information, the United States therefore DENIES the allegations of Paragraph 100 of Plaintiff's SAC.

101.     The United States DENIES the allegations of Paragraph 101 of Plaintiff's SAC.

102.     The United States ADMITS only that some dust is created by automobiles traveling on the bypass road. The Defendant avers, however, that Fann Contracting has employed sufficient dust control measures to address the issue. The United States DENIES the remaining allegations of Paragraph 102.

103.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 103 of Plaintiff's SAC and therefore DENIES the same.

104.    The United States DENIES the allegations of Paragraph 104 of Plaintiff's SAC.

105.    The United States lacks information sufficient to admit or deny the allegations in Paragraph 105 of Plaintiff's SAC and therefore DENIES the same.

106.    The United States avers that the accident referenced in Paragraph 106 occurred over thirty miles away from the construction site. It is irrelevant and should be stricken pursuant to Fed. R. Civ. P. 12(f). Inasmuch as necessary and because the accident has nothing to do with the construction at issue, the United States DENIES the allegations of Paragraph 106 of Plaintiff's SAC.

107.    The United States DENIES the allegations of Paragraph 107 of Plaintiff's SAC.

108.    The United States lacks information sufficient to admit or deny the allegations in Paragraph 108 of Plaintiff's SAC and therefore DENIES the same.

109.    The United States DENIES the allegations of Paragraph 109 of Plaintiff's SAC.

110.    The United States DENIES the allegations of Paragraph 110 of Plaintiff's SAC.

111.    The United States DENIES the allegations of Paragraph 111 of Plaintiff's SAC.

112.    The United States DENIES the allegations of Paragraph 112 of Plaintiff's SAC.

113.     The United States DENIES the allegations of Paragraph 113 of Plaintiff's SAC.

114.     The United States DENIES the allegations of Paragraph 114 of Plaintiff's SAC.

115.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 115 of Plaintiff's SAC and therefore DENIES the same.

116.     The United States DENIES the allegations of Paragraph 116 of Plaintiff's SAC.

117.     The United States DENIES the allegations of Paragraph 117 of Plaintiff's SAC.

118.     The United States is not a party to the agreement between Fann and the Ranch to access water and refers the Court to the lawsuit between those parties, captioned at CIV-13-1855, District of Arizona. The United States further avers that is has no control over Fann Contracting because it is not in privity of contract with Fann. The United States DENEIS the allegations of Paragraph 118 of Plaintiff's SAC.

119.     The United States is not a party to the agreement between Fann and the Ranch to access water and refers the Court to the lawsuit between those parties, captioned at CIV-13-1855, District of Arizona. The United States further avers that is has no control over Fann Contracting because it is not in privity of contract with Fann. The United States DENEIS the allegations of Paragraph 119 of Plaintiff's SAC.

120.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 120 of Plaintiff's SAC and therefore DENIES the same.

121.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 121 of Plaintiff's SAC and therefore DENIES the same.

122.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 122 of Plaintiff's SAC and therefore DENIES the same.

123.     The United States is not a party to the agreement between Fann and the Ranch to access water and refers the Court to the lawsuit between those parties, captioned at CIV-13-1855, District of Arizona. The United States further avers that is has no control over Fann Contracting because it is not in privity of contract with Fann. The United States lacks information sufficient to admit or deny the allegations in Paragraph 123 of Plaintiff's SAC and therefore DENIES the same.

124.     The United States avers that is has no control over Fann Contracting because it is not in privity of contract with Fann. The United States ADMITS only, on information and belief, that Fann has conducted blasting activities necessary to effectuate construction of New Diamond Bar Road. The United States DENIES the remaining allegations of Paragraph 124 of Plaintiff's SAC.

125.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 125 of Plaintiff's SAC and therefore DENIES the same.

126.     The United States avers that is has no control over Fann Contracting or the Hualapai Tribe. The United States DENIES the allegations of Paragraph 126 of Plaintiff's SAC.

127.     The United States avers that is has no control over Fann Contracting or the Hualapai Tribe. The United States DENIES the allegations of Paragraph 127 of Plaintiff's SAC.

128.     The United States DENIES the allegations of Paragraph 128 of Plaintiff's SAC.

129.     The United States DENIES the allegations of Paragraph 129 of Plaintiff's SAC.

130.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 130 of Plaintiff's SAC and therefore DENIES the same.

131.     The United States DENIES the allegations in Paragraph 131 of Plaintiff's SAC.

132.     The United States avers that is has no control over Fann Contracting or the Hualapai Tribe. The United States DENIES the allegations of Paragraph 132 of Plaintiff's SAC.

133.     The United States DENIES the allegations of Paragraph 133 of Plaintiff's SAC.

134.     The United States DENIES the allegations of Paragraph 134 of Plaintiff's SAC.

135.     The United States ADMITS only that Plaintiff began obstructing vehicular traffic over Old Diamond Bar Road in and around Memorial Day weekend, 2013, and charged a toll to the traveling public. The United States DENIES the remaining allegations of Paragraph 135 of Plaintiff's SAC.

136.     The United States DENIES the allegations of Paragraph 136 of Plaintiff's SAC, as the alternative route to the Hualapai Nation's Skywalk attraction is inaccessible to the majority of non-four wheeled drive vehicles.

137.     The allegations of Paragraph 137 are conclusions of law to which no answer is required. Inasmuch as an answer is necessary, the United States DENIES the allegations of Paragraph 137 of Plaintiff's SAC.

138.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 138 of Plaintiff's SAC and therefore DENIES the same. The United States further avers that it has no control over the actions of the Hualapai Tribe, as the Tribe is a sovereign Nation.

139.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 139 of Plaintiff's SAC and therefore DENIES the same. The United States further avers that it has no control over the actions of co-defendant Mohave County.

140.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 140 of Plaintiff's SAC and therefore DENIES the same. The United States further avers that it has no control over the actions of the Hualapai Tribe or co-defendant Mohave County.

141.     The United States DENIES the allegations of Paragraph 141 of Plaintiff's SAC. The Defendant further avers that it has no control over the actions of the Hualapai Tribe or Fann Contracting.

142.     The allegations in Paragraph 142 are conclusions of law to which no answer is required. Inasmuch as an answer is necessary, the United States DENIES the allegations of Paragraph 142 of Plaintiff's SAC.

143.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 143 of Plaintiff's SAC and therefore DENIES the same.

144.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 144 of Plaintiff's SAC and therefore DENIES the same. The United States further avers that it has no control over the actions of the Hualapai Tribe or its employees.

145.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 145 of Plaintiff's SAC and therefore DENIES the same.

146.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 146 of Plaintiff's SAC and therefore DENIES the same. The United States further avers that it has no control over the actions of the Hualapai Tribe or its employees.

147.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 147 of Plaintiff's SAC and therefore DENIES the same. The United States further avers that it has no control over the actions of the Hualapai Tribe or its employees.

148.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 148 of Plaintiff's SAC and therefore DENIES the same. The

United States further avers that it has no control over the actions of Fann Contracting or its employees.

149. The United States lacks information sufficient to admit or deny the allegations in Paragraph 149 of Plaintiff's SAC and therefore DENIES the same. The United States further avers that it has no control over the actions of Fann Contracting, the Hualapai Tribe or their employees.

150. The United States lacks information sufficient to admit or deny the allegations in Paragraph 150 of Plaintiff's SAC and therefore DENIES the same.

151. The United States ADMITS that Nigel Turner has been arrested twice for incidents relating to his interaction with the Hualapai Tribe, Fann Contracting, and/or the traveling public in and around the construction site at issue. Defendant lacks information sufficient to admit or deny the allegations in Paragraph 151 of Plaintiff's SAC and therefore DENIES the same. The United States further avers that it has no control over the actions of Fann Contracting, the Hualapai Tribe or their employees.

152. The United States lacks information sufficient to admit or deny the allegations in Paragraph 152 of Plaintiff's SAC and therefore DENIES the same.

153. The United States lacks information sufficient to admit or deny the allegations in Paragraph 153 of Plaintiff's SAC and therefore DENIES the same.

154. The United States lacks information sufficient to admit or deny the allegations in Paragraph 154 of Plaintiff's SAC and therefore DENIES the same.

155. The United States ADMITS that the Ranch possesses grazing permits on some portions of BLM land. The terms of those permits speak for themselves and are the

best evidence of their contents. The United States DENIES any insinuation that grazing permits would give a permit holder the right to interfere with other uses of land, including the building of a roadway. The United States DENIES the remaining allegations of Paragraph 155 of Plaintiff's SAC.

156.     The allegations of Paragraph 156 are conclusions of law to which no answer is required. Inasmuch as an answer is necessary, the United States DENIES the same.

157.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 157 of Plaintiff's SAC and therefore DENIES the same.

158.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 158 of Plaintiff's SAC and therefore DENIES the same.

159.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 159 of Plaintiff's SAC and therefore DENIES the same.

160.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 160 of Plaintiff's SAC and therefore DENIES the same. The United States further avers that is has no control over the actions of the Hualapai Tribe or its employees.

161.     The United States lacks information sufficient to admit or deny the allegations in Paragraph 161 of Plaintiff's SAC and therefore DENIES the same. The United States further avers that is has no control over the actions of the Hualapai Tribe or its employees.

162.     The allegations of Paragraph 162 are conclusions of law to which no answer is required. Inasmuch as an answer is necessary, the United States DENIES the same. The United States further avers that is has no control over the actions of the Hualapai Tribe or its employees.

163.     The allegations of Paragraph 163 are conclusions of law to which no answer is required. Inasmuch as an answer is necessary, the United States DENIES the same. The United States further avers that is has no control over the actions of the Hualapai Tribe or its employees.

164.     The allegations of Paragraph 164 are conclusions of law to which no answer is required. Inasmuch as an answer is necessary, the United States DENIES the same. The United States further avers that is has no control over the actions of the Hualapai Tribe or its employees.

**Count One – Breach of Contract**

165.     The statements contained in Paragraph 165 are statements of incorporation which do not require an answer. Inasmuch as an answer is necessary, the United States DENIES the same.

166.     The United States ADMITS that the Settlement Agreement is a binding contract between Plaintiff and the BIA. The United States DENIES any remaining portions of Paragraph 166 of Plaintiff's SAC.

167.     The allegations in Paragraph 167 are conclusions of law and do not require an answer. To the extent an answer is required, the United States DENIES the same.

168.    The allegations in Paragraph 168 are recitations of law and do not require an answer. To the extent an answer is required, the United States DENIES the same.

169.    The United States DENIES the allegations of Paragraph 169 of Plaintiff's SAC. Plaintiff's default and breach of contract are addressed, *infra*, in the Defendant's counterclaims against Plaintiff and are incorporated to this answer herein.

170.    The United States DENIES the allegations of Paragraph 170 of Plaintiff's SAC.

171.    The United States DENIES the allegations of Paragraph 171 of Plaintiff's SAC.

172.    The United States DENIES the allegations of Paragraph 172 of Plaintiff's SAC.

173.    The allegations in Paragraph 173 are conclusions of law and do not require an answer. To the extent an answer is required, the United States DENIES the same.

**Count Two – Declaratory Relief**

174.    The statements contained in Paragraph 174 are statements of incorporation which do not require an answer. Inasmuch as an answer is necessary, the United States DENIES the same.

175.    The United States ADMITS that the current lawsuit represents disagreements concerning the terms of the Settlement Agreement. The Defendant DENIES the remaining allegations of Paragraph 175 of Plaintiff's SAC inasmuch as they form conclusions of law to which no answer is required.

176.    The allegations in Paragraph 176 are conclusions of law and do not require an answer. To the extent an answer is required, the United States DENIES the same.

177.    The allegations in Paragraph 177 are conclusions of law and do not require an answer. To the extent an answer is required, the United States DENIES the same.

178.    The allegations in Paragraph 178 are conclusions of law and do not require an answer. To the extent an answer is required, the United States DENIES the same.

179.    The allegations in Paragraph 179 represent a prayer for relief to which no answer is required. To the extent an answer is necessary, the United States DENIES the same.

### Count Three – Injunctive Relief

180.    The statements contained in Paragraph 180 are statements of incorporation which do not require an answer. Inasmuch as an answer is necessary, the United States DENIES the same.

181.    The allegations in Paragraph 181 are conclusions of law and do not require an answer. To the extent an answer is required, the United States DENIES the same. The United States further avers that that Plaintiff cannot obtain injunctive relief against the United States.

182.    The allegations in Paragraph 182 are conclusions of law and do not require an answer. To the extent an answer is required, the United States DENIES the same.

183.    The United States DENEIS the allegations of Paragraph 183 of Plaintiff's SAC.

184.   The allegations in Paragraph 184 are conclusions of law and do not require an answer. To the extent an answer is required, the United States DENIES the same.

185.   The allegations in Paragraph 185 are conclusions of law and do not require an answer. To the extent an answer is required, the United States DENIES the same. The United States further avers that that Plaintiff cannot obtain injunctive relief against the United States

186.   The allegations in Paragraph 186 are conclusions of law and do not require an answer. To the extent an answer is required, the United States DENIES the same. The United States further avers that that Plaintiff cannot obtain injunctive relief against the United States.

**Prayer for Relief**

A-F.   The allegations contained in Paragraphs A-F of Plaintiff's SAC represent a prayer for relief to which no answer is required. Inasmuch as an answer is necessary, the United States DENIES the same.

**WHEREFORE**, having fully answered all counts of Plaintiff's Second Amended Complaint, Defendant prays that Plaintiff takes nothing by way of its Second Amended Complaint, that the same be dismissed, and that judgment be awarded in favor of Defendant, together with costs and all other just and proper relief.

## II      UNITED STATES' AFFIRMATIVE DEFENSES

The United States hereby sets forth the following Affirmative Defenses to Plaintiff's Second Amended Complaint.

1.      Any allegation not admitted, controverted, or denied previously in this Answer is hereby DENIED.

2.      This Court lacks jurisdiction over some or all claims raised in Plaintiff's Second Amended Complaint.

3.      Portions of Plaintiff's Second Amended Complaint fail to state a claim upon which relief can be granted against the United States.

4.      Plaintiff has failed to exhaust its administrative remedies as to some or all of its claims.

5.      Plaintiff has failed to show a causal connection between Defendant's alleged conduct and any alleged injury in fact.

6.      Plaintiff's claims may be barred in whole or in part by the appropriate statute of limitations.

7.      All future damages, if any, must be reduced to present value.

8.      Plaintiff has failed to mitigate its damages, if any, and any recovery or other award to which it is found entitled should be reduced accordingly.

9.      At all times, Defendant acted in good faith toward Plaintiff.

10.     Plaintiff's claims are barred by the doctrines of collateral estoppel, res judicata, waiver and laches.

11.     Defendant contests the amount and/or necessity of any claim of monetary damages for which Plaintiff seeks relief in its Complaint.

12.     Plaintiff's damages, if any, are offset by collateral sources.

13.     To the extent Plaintiff has or will receive any payment for its alleged injuries from any source, any award of damages is subject to set-off.

14.     Plaintiff is not entitled to a jury trial in this matter.

15.     Plaintiff has incorrectly pled fictitious defendants, which is not permitted under the Federal Rules.

16.     The Defendant cannot be held responsible for the actions of any entity outside of the BIA.

17.     Plaintiff's allegations are improperly before this Court under the Tucker Act and must be transferred to the United States Court of Claims.

18.     Plaintiff is not entitled to injunctive relief against the United States.

19.     Defendant reserves the right to allege any further and additional defenses it may have, including those which are not yet known but which may become known through future discovery, including those required by Federal Rules of Civil Procedure 8, 11 and 12.

## III.   UNITED STATES' COUNTERCLAIMS

For its Counter-claims against Plaintiff, the United States of America ("United States") alleges as follows:

### NATURE OF THE ACTION

1.     The United States brings this civil action against plaintiff Grand Canyon West Ranch, L.L.C. for trespass, unjust enrichment, and breach of contract based upon wrongful and unauthorized construction of a building across the center of an easement on Iron Basin Road owned by the United States.

**JURISDICTION**

2.     The Court has subject matter jurisdiction to entertain this action pursuant to 28 U.S.C. § 1331 because the United States has asserted causes of action that arise under federal law and 28 U.S.C. § 1345 because this action was commenced by the United States.

3.     The Court has supplemental jurisdiction to entertain the state-law causes of action pursuant to 28 U.S.C. § 1345 because this action was commenced by the United States and 28 U.S.C. § 1367(a) because the state-law causes of action are so related to claims over which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**VENUE**

4.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff/Counter-Defendant is located in this District, a substantial part of the events or omissions giving rise to the United States' claims occurred in this District, and a substantial part of the property that is the subject of this action is situated in this District.

**PARTIES**

5.     The United States brings this action on behalf of its agency, Department of the Interior ("DOI"), Bureau of Land Management ("BLM").  Among other things, BLM is responsible for (1) managing the nation's public lands and resources in a combination of ways which best serve the needs of the people; (2) sustaining the health, diversity, and productivity of the public lands for the use and enjoyment of present and future generations; and (3) recovering a fair return for the use of publicly owned resources for the

taxpayers.  BLM administers approximately 12.2 million surface acres of public lands in Arizona, along with another 17.5 million sub-surface acres within the State.

6.     Defendant Grand Canyon West Ranch, L.L.C., ("GCWR") is a limited liability company, registered and located in the State of Arizona.

## FACTUAL ALLEGATIONS
### The United States' Interest in the Land in Question

7.     This case involves an easement (hereinafter the "easement," or "Right of Way") within a parcel of land consisting of approximately 640 acres located in Mohave County, Arizona (Mohave County Parcel #318-08-014), which is more particularly described in Exhibit A attached hereto and incorporated herein by reference.

8.     Plaintiff admitted in Document No. 21, Cause No. 2:13-cv-01855-NVW at p. 7, ln. 7, that "there is no defect in the [Right of Way]."

9.     In 2003, GCWR filed a Quiet Title action against the United States. That lawsuit was resolved with a settlement in 2007 that, among other things, granted easements to the United States referred to as "New Diamond Bar Road" and "Iron Basin Road." A true and accurate copy of the Settlement Agreement is attached hereto as Exhibit B and incorporated herein by reference.

10.     The settlement agreement also required plaintiff to provide "a 100 foot wide easement… to connect the new road to the existing easement and dirt road, currently identified as the Iron Basin Road…."  *Id.*, at paragraph 4 "Grant of Easements."  To date, plaintiff has failed to provide the full easement, as the current easement stops at an existing roadway and does not yet completely connect the new road to Iron Basin Road as required.

11.     Sometime after the settlement, plaintiff caused or permitted the construction of a restaurant and a helicopter pad in the middle of Iron Basin Road, directly interfering with and impeding the easement owned by the United States.

12.     The United States learned of this incursion after receiving a letter from a company called Grand Canyon Frontier ("Frontier") on April 19, 2013.  Upon information and belief, Frontier operates the restaurant pursuant to an agreement with GCWR.  The restaurant is built across Iron Basin Road – the easement held by the United States.  Upon information and belief, Frontier is operated by Canyon Ranch Adventures, L.L.C.

13.     The United States has refrained from bringing a trespass action up to this time in order to facilitate settlement.  As plaintiff has failed to demonstrate any interest in restoring the easement or otherwise resolving this dispute, this action is necessary in order to vindicate and protect the property rights of the United States. The United States does not seek to have the offending properties removed from its property, as this would potentially cause great financial harm to plaintiff and/or Frontier.  Instead, the United States seeks an order that remedies the trespass though provision of a new easement for a new alternate route that satisfies the goals of the 2007 agreement.

## CAUSES OF ACTION

FIRST CAUSE OF ACTION

(Trespass – Federal Common Law)

14.     The United States reasserts all previous allegations.

15.     Plaintiff has intruded, or has caused a third party to intrude, onto the easement held by the United States.  This intrusion is intentional or negligent, and has been ongoing for several months and continues to this day.  This trespass constitutes an interference with the rights of the United States to control the property and renders the current easement untenable for its intended use as a road.

16.     As a result of plaintiff's conduct, as alleged in this counterclaim, the United States has been deprived of the use of the property for a period of no less than a year.

17.     The United States is entitled to the full value, in an amount to be proven at trial, of the incursions by plaintiff, its employees, and/or its assignees into the easements

held by the United States.  In addition, the United States is entitled to injunctive relief in order to remedy this long-term disruption to the possessory interest held by the United States.

SECOND CAUSE OF ACTION

(Trespass – Arizona Law)

18.     The United States reasserts all previous allegations.

19.     Plaintiff has intruded, or has caused a third party to intrude, onto the easement held by the United States.  This intrusion is intentional or negligent, and has been ongoing for several months and continues to this day.  This trespass constitutes an interference with the rights of the United States to control the property and renders the current easement untenable for its intended use as a road.

20.     As a result of plaintiff's conduct, as alleged in this counterclaim, the United States has been deprived of the use of the property for a period of no less than a year.

21.     The United States is entitled to the full value, in an amount to be proven at trial, of the incursions by plaintiff, or by plaintiff's business partner(s), into the easement held by the United States.  If this Court finds that the trespass was willful, treble damages should be awarded pursuant to Arizona law.  In addition, the United States is entitled to injunctive relief in order to remedy this long-term disruption to the possessory interest held by the United States.

THIRD CAUSE OF ACTION

(Unjust Enrichment)

22.     The United States reasserts all previous allegations.

23.     This is a claim for the recovery of monies, in an amount to be determined at trial, by which plaintiff has been unjustly enriched at the United States' expense, namely, the monies paid to plaintiff by Frontier and or any other entities that infringed onto the easement held by the United States and paid fees to plaintiff.

24.     The United States had and continues to have a reasonable expectation of payment of the monies paid to plaintiff by Frontier and others for use of the easement owned by the United States.

25.     Plaintiff should reasonably have expected and should reasonably be expected to pay to the United States the monies Frontier and others paid to plaintiff.

26.     Society's reasonable expectations of person and property would be defeated by plaintiff's nonpayment to the United States of the monies Frontier and others paid to GCWR.

## FOURTH CAUSE OF ACTION

### (Breach of Contract)

27.     The United States reasserts all previous allegations.

28.     The 2007 settlement agreement between the parties, attached hereto as Exhibit B, constitutes an enforceable, written contract.

29.     Plaintiff breached the agreement by causing the intrusion onto the easement by Frontier, as outlined above.  Moreover, plaintiff has failed to supply the entire easement to Iron Basin Road as required by paragraph 4 "Grant of Easements" of the agreement. The easement actually provided by plaintiff covers only part of what is needed to fulfill the agreement and permit the United States to complete the road.  As there is no adequate remedy at law, the United States is entitled to injunctive relief that provides it with the full, functional easement that will enable it to build a road as agreed to by the parties in the 2007 settlement agreement.

30.     By the terms of the written agreement, at paragraph 13, the United States is entitled to recover reasonable attorney's fees incurred in the enforcement of the provisions of the agreement.  In addition, the United States is entitled to attorney's fees pursuant to Arizona Revised Statutes § 12-341.01.

**PRAYER FOR RELIEF**

**WHEREFORE**, the United States demands and prays that judgment be entered in favor of the United States as follows:

A.     On the First and Second Causes of Action for trespass, for the full value, in an amount to be proven at trial, of the incursions by plaintiff, or by plaintiff's business partner(s), into easements held by the United States, plus interest, attorney's fees, costs, expenses, and such further relief as may be just and proper.  In addition, the United States is entitled to injunctive relief, and if the trespass was willful, treble damages.

B.     On the Third Cause of Action for unjust enrichment, for the damages sustained by defendants and/or amounts by which plaintiff was unjustly enriched, in an amount to be proven at trial, plus interest, attorney's fees, costs, expenses, and such further relief as may be just and proper.

C.     On the Fourth Cause of Action for breach of contract, injunctive relief and for the difference in value between the easements provided and the easements required by the agreement, in an amount to proven at trial, plus interest, attorney's fees, costs, expenses, and such further relief as may be just and proper.

Respectfully submitted this 24th day of October, 2013.

JOHN S. LEONARDO
United States Attorney
District of Arizona


s/ Peter M. Lantka
PETER M. LANTKA
Assistant United States Attorney

33

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on October 24, 2013, I electronically transmitted the attached

3

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4

Notice of Electronic Filing to the following CM/ECF registrants:

5

6

Keith L. Hendricks
Moyes Sellers & Hendricks

7

1850 North Central Avenue, Suite 1100
Phoenix, Arizona 85004

8

khendricks@law-msh.com

9

*Attorneys for the Plaintiff*

10

Robert Alexander Taylor
Mohave County Attorney's Office

11

P.O. Box 7000
Kingman, AZ 86402-7000

12

*Attorneys for Defendant Mohave County*

13

14

*s/Mary C. Bangart*

15

U.S. Attorney's Office

16

17

18

19

20

21

22

23

24

25

26

27

28